■ DIMITRIOS TSAMOS, Respondent, v ALBATANI DIAZ et al., Appellants. [917 NYS2d 180]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 12, 2010, which, in an action for personal injuries arising from a motor vehicle accident, denied defendants' motion for summary judgment, unanimously modified, on the law, to the extent of granting dismissal of plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

On July 15, 2005, plaintiff was operating a company vehicle in the vicinity of Broadway and 122nd Street. While stopped at a red light, the vehicle operated by plaintiff was struck from behind by a vehicle operated by defendant, Albatani Diaz, and owned by defendant, Cepin Livery Corp.

Supreme Court correctly denied the motion for summary judgment with regard to the statute's categories of "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Defendants met their initial burden of demonstrating prima facie the absence of triable issues of material fact with their medical experts' opinions, based on, inter alia, examination of plaintiff and review of his MRIs, which demonstrated normal ranges of motion and attributed any limitations to causes other than the subject accident, such as plaintiff's age-related degenerative condition. In opposition, plaintiff raised triable issues of fact with his doctor's affirmation reviewing plaintiff's treatment from the time of the accident until 2009, including the results of range of motion tests performed a few days after the accident and then four years later. Plaintiff's physician's affirmation conflicted with defendants' expert's view as to the extent, effects, and causation of

plaintiff's injury. Accordingly, summary judgment was properly denied with respect to these categories of alleged injury (see *Grill v Keith*, 286 AD2d 247 [2001]).

However, the court should have granted defendants' motion with respect to plaintiff's 90/180-day claim. In their moving papers, defendants relied on plaintiff's deposition testimony indicating that, at most, plaintiff missed a total of 8 to 10 weeks of work on account of the alleged injury. Moreover, plaintiff's claim is not supported by concurrent medical evidence and the fact that the plaintiff alleges he is still on "light" duty is insufficient to raise a triable issue of material fact (see *Colon v Tavares*, 60 AD3d 419 [2009]). Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.