■ DECIMA JNO-BAPTISTE, Respondent, v PAUL J. BUCKLEY, Appellant. [919 NYS2d 22]—

Defendant's submissions, including the affirmed report of an orthopedist and the transcript of plaintiff's deposition, met his prima facie burden of showing that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). In opposition, plaintiff failed to raise a triable issue with respect to whether she suffered a permanent consequential or significant limitation. The MRI report merely shows findings "suggestive of transient patellar dislocation." However, a dislocation alone, without evidence of some permanent or significant limitation, does not constitute a serious injury (*see Licygiewicz v Stearns*, 61 AD3d 1254 [2009]).

The assertion of plaintiff's physiatrist that plaintiff suffered from an 18% loss of flexion in her right knee, conflicts with the affidavit of her physical therapist, indicating that, 18 months

earlier, plaintiff had full range of motion in her right knee, and had reached maximum medical benefit from physical therapy. The physiatrist makes no attempt to explain the conflicting findings, and defendant is thus entitled to summary judgment on this basis (*see Pou v E&S Wholesale Meats, Inc.*, 68 AD3d 446, 447 [2009]).

The record also shows that plaintiff missed only one month of work after the accident. Although she claimed that she was unable to perform her usual and customary activities for more than 90 of the 180 days following the accident, without any substantiating medical documentation, plaintiff's testimony alone does not suffice to show a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.