■ LUZ ROSA, Appellant, v FREDDY A. MEJIA, Respondent. [943 NYS2d 470]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 5, 2010, which granted defendant's motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant made a prima facie showing that plaintiff did not sustain a "significant limitation of use" or "permanent consequential limitation of use" of her cervical and lumbar spines as a result of the subject accident (Insurance Law § 5102 [d]). Defendant submitted, among other things, the affirmed report of his orthopedist, who found normal ranges of motion in plaintiff's cervical spine, and the affirmed report of his radiologist, who indicated that plaintiff's lumbar injury was caused by a preexisting degenerative condition and not the accident (*see Torres v Triboro Servs., Inc.*, 83 AD3d 563 [2011]; *see also Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590 [2011]). Defendant's orthopedic and neurologic experts both concluded that plaintiff had normal ranges of motion in her cervical spine, "and the minor differences in what they regarded as normal ranges do not affect defendant's entitlement to summary judgment" (*Anderson v Zapata*, 88 AD3d 504 [2011]).

In opposition, plaintiff failed to submit any evidence of contemporaneous, postaccident treatment. Notably absent were emergency room, physical therapy or chiropractic records, medical charts or other documents setting forth the treatment she claimed to have received relative to this accident. The affirmation of her treating physician, Dr. Perez, states that plaintiff was first seen by her on June 25, 2008, some 5½ months after the accident. Plaintiff's deposition testimony stated that she was treated at a hospital emergency room the day of the accident and then three days later. She also testified that she was treated by various medical providers, whom she could not identify by name except for Dr. Perez. Although plaintiff's bill of particulars references a number of medical providers plaintiff claims to have seen, and states there were attached bills and dates of treatment, none of these bills or treatment dates appear in the record before us. Indeed, other than uncertified copies of the MRI reports from February 21 and 28, 2008, this record is devoid of any medical records, charts or bills to support plaintiff's claim of having received treatment prior to seeing Dr. Perez in June 2008.

In short, "the record is devoid of any competent evidence of plaintiff's treatment[ or the] need for treatment" that would warrant the denial of defendant's motion (*Thompson v Abbasi*, 15 AD3d 95, 97 [2005]).

The recent Court of Appeals decision in *Perl v Meher* (18 NY3d 208 [2011]) does not require a different result. *Perl* did not abrogate the need for at least a qualitative assessment of injuries soon after an accident (*see Salman v Rosario*, 87 AD3d 482, 484 [2011]). In fact, the Court noted with approval the comment in a legal article* that "a contemporaneous doctor's report is important to proof of *causation*; an examination by a doctor years later cannot reliably connect the symptoms with the accident. But where causation is proved, it is not unreasonable to measure the *severity* of the injuries at a later time" (18 NY3d at 217-218).

In this case, plaintiff has presented no admissible proof that she saw any medical provider for any evaluation until $5^1/_2$ months after the accident. While the Court of Appeals in *Perl* "reject[ed] a rule that would make contemporaneous quantitative measurements a prerequisite to recovery" (18 NY3d at 218), it confirmed the necessity of some type of contemporaneous treatment to establish that a plaintiff's injuries were causally related to the incident in question.

Additionally, plaintiff's opposition fails to address defendant's evidence of preexisting degeneration in plaintiff's lumbar spine (*see Valentin v Pomilla*, 59 AD3d 184, 184-186 [2009]). Defendant's expert radiologist, in examining the MRI of plaintiff's lumbar spine taken on February 28, 2008, approximately $5^1/_2$ weeks after the accident, stated that he observed "degenerative changes at the L5/S1 level." These findings were, in the expert's opinion, "consistent with a preexisting condition." The expert opined that "[t]here is no radiographic evidence of recent traumatic or causally related injury to the lumbar spine." Dr. Cooper, plaintiff's own radiologist, confirmed "degenerative narrowing at the L5-S1 intervertebral disc space" without further comment.

Significantly, *Perl* offers guidance with respect to this issue. As in this case, the defendant in *Perl* presented a sworn radiologist's report based on an MRI that her injuries were degenerative in nature and preexisted the accident. Unlike here, the *Perl* plaintiff submitted a radiologist's report that, while conceding that the degeneration in question might be preexist-

---

* Morrissey, *'Threshold Law': Is a Contemporaneous Exam by the Court of Appeals in Order?*, NYLJ, Jan. 18, 2011.

ing, also raised the issue that such degeneration may have been "a result of a specific trauma" (18 NY3d at 219), thus raising, as the Court of Appeals found, an issue of fact sufficient to warrant denial of the defendant's summary judgment motion (*id.* at 218-219). This is significantly different from the case before us. Plaintiff's expert merely noted the degeneration without contesting defendant's expert's opinion that it was a preexisting condition and not causally related to the accident. Thus, no issue of fact was raised.

Defendant also argues that there is a 1 1/2-year gap in plaintiff's treatment from June 2008 to December 2009. As defendant first raised this issue in his reply affirmation in support of the motion, it is not properly before us (*see Tadesse v Degnich*, 81 AD3d 570 [2011]). We note however, that, although Dr. Perez stated in her follow-up exam of December 9, 2009 that plaintiff had been receiving chiropractic and physical therapy treatment "on the dates set forth in the appendix to this affidavit," no such appendix appears in the record before us. As with her other allegations of treatment, plaintiff "inexplicably has provided no competent supporting documentation of this 'medical treatment' " (*Thompson*, 15 AD3d at 99).

Defendant made a prima facie showing of entitlement to judgment as a matter of law with respect to plaintiff's 90/180-day claim by submitting plaintiff's bill of particulars, which provided that, immediately after the accident, plaintiff was confined to bed and home for only two days and approximately one week respectively (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [2010]). In opposition, plaintiff failed to raise an issue of fact.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.

