■ SEGUNDA PADUANI, Appellant, v CHARLIE RODRIGUEZ, Respondent, et al., Defendant. [955 NYS2d 48]—

Plaintiff was a passenger in a car owned by defendant Razia Avila and driven by defendant Kaystel Avila, when the car collided with a vehicle driven by defendant Rodriguez. Plaintiff alleged that as a result of the accident, she sustained serious injuries to her cervical spine, lumbar spine, and right shoulder under the "significant limitation of use," "permanent consequential limitation of use," and 90/180-day categories of Insurance Law § 5102 (d).

Defendants established their entitlement to judgment as a matter of law as to plaintiff's injury to her cervical spine by submitting their orthopedist's report finding full range of motion with the exception of a minor limitation in one plane, and diagnosing a resolved cervical spine strain (see Castillo v Cinquina, 85 AD3d 660 [1st Dept 2011]). The orthopedist's finding of a minor limitation in one aspect of the cervical spine is insufficient to negate the prima facie showing (see Canelo v Genolg Tr., Inc., 82 AD3d 584 [1st Dept 2011]; Sone v Qamar, 68 AD3d 566 [1st Dept 2009]), and plaintiff failed to raise a triable issue of fact (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]).

Defendants also met their burden as to the alleged lumbar spine injury by submitting, inter alia, the affirmed report of an orthopedist who found full range of motion, and their radiologist's MRI report finding diffuse multilevel degenerative disc disease and degenerative changes unrelated to trauma, as well as a radiograph report of plaintiff's radiologist finding severe degenerative changes (see Torres v Triboro Servs., Inc., 83 AD3d

563 [2011]; *Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590-591 [1st Dept 2011]). Plaintiff failed to raise a triable issue of fact. While her expert acknowledged in his own report MRI findings of degenerative changes in the lumbar spine, he did not address or contest such findings, and the MRI report of her radiologist found herniations but did not address causation (*see Williams v Horman*, 95 AD3d 650 [1st Dept 2012]; *Rosa v Mejia*, 95 AD3d 402, 404-405 [1st Dept 2012]). Nor did plaintiff's expert address plaintiff's deposition testimony that she had sustained a back injury in a prior car accident (*see McArthur v Act Limo, Inc.*, 93 AD3d 567 [1st Dept 2012]).

As to plaintiff's right shoulder, defendants established prima facie lack of causation by submitting their radiologist's non-conclusory opinion that the supraspinatus tendinosis and acromioclavicular joint disease observed in the MRI film were preexisting degenerative conditions (*see Torres*, 83 AD3d at 564; *Spencer*, 82 AD3d at 590). As with the lumbar spine, plaintiff's expert failed to address evidence that the condition was degenerative in origin (*see Rosa*, 95 AD3d at 404-405).

Defendants disproved a 90/180-day injury by submitting plaintiff's deposition testimony, wherein she stated that she was able to babysit her grandchildren after the accident, and was able to go to the store about a month after the accident, as well as her bill of particulars alleging that she was not confined to bed or home after the accident (*see Zhijian Yang v Alston*, 73 AD3d 562 [1st Dept 2010]). Plaintiff has not submitted any evidence in opposition. Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische JJ.