■ AURA SIRI SANTOS et al., Appellants, v PEDRO A. PEREZ et al., Defendants, and GERARDO PENA-TAVERAZ et al., Respondents. [968 NYS2d 43]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 10, 2012, which granted defendants Gerardo Pena-Taveraz and American United Transportation II, Inc.'s motion for summary judgment dismissing the complaint for failure to satisfy the serious injury threshold under Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion with respect to plaintiff Aura Siri Santos's claim of

serious injury to her lumbar spine, and otherwise affirmed, without costs.

Plaintiffs Aura Siri Santos (Aura) and her sister Maria Siri Santos (Maria) allegedly suffered serious injuries to their cervical and lumbar spines as the result of a motor vehicle accident that occurred in August 2008, while they were passengers in a taxi.

Defendants met their prima facie burden of showing that Aura did not sustain a serious injury to her cervical spine or lumbar spine by submitting the affirmed reports of a radiologist who found that the MRIs revealed injuries that were degenerative in nature, consistent with her age and increased body habitus (see Lugo v Adom Rental Transp., Inc., 102 AD3d 444, 445 [1st Dept 2013]; Torres v Triboro Servs., Inc., 83 AD3d 563, 564 [1st Dept 2011]), and a neurologist's finding of a full range of motion in every plane of both body parts, and diagnosing any injuries as resolved (see Gibbs v Reid, 94 AD3d 636 [1st Dept 2012]; Steinbergin v Ali, 99 AD3d 609 [1st Dept 2012]). Defendants also met their initial burden with respect to Maria by proffering affirmations of a radiologist who found that the MRI of the lumbar spine revealed no abnormalities and the MRI of the cervical spine revealed only age-related disc bulges, and of a neurologist who found a full range of motion in all planes (see Njie v Thompson, 99 AD3d 421, 422 [1st Dept 2012]; Paulino v Rodriguez, 91 AD3d 559 [1st Dept 2012]; Serbia v Mudge, 95 AD3d 786 [1st Dept 2012]).

In opposition, Aura submitted sufficient medical evidence to raise an issue of fact as to her alleged lumbar spine injury by submitting the affirmed report of a radiologist who opined that the MRI showed a focal disc herniation, and the affirmation of her treating physician who opined, based upon his multiple examinations, review of her medical records, and the fact that she was asymptomatic until the accident, that the lumbar herniation was caused by the accident (see Osborne v Diaz, 104 AD3d 486, 487 [1st Dept 2013]; Bonilla v Abdullah, 90 AD3d 466, 467 [1st Dept 2011], lv dismissed 19 NY3d 885 [2012]). The treating physician also measured range of motion limitations in Aura's lumbar spine shortly after the accident, three months later, and recently, and provided a sufficient explanation of the gap in treatment to raise an issue of fact (see Mercado-Arif v Garcia, 74 AD3d 446 [1st Dept 2010]). However, Aura did not present evidence of permanent or significant limitations in her cervical spine sufficient to meet the threshold injury requirement (see Moore v Almanzar, 103 AD3d 415, 416 [1st Dept 2013]).

Maria failed to raise an issue of fact as to either of her claimed injuries. Her treating physician found that she had normal ranges of motion in her cervical spine at a November 2008 examination and insignificant range of motion limitations at a November 2010 examination (*see id.*; *Phillips v Tolnep Limo Inc.*, 99 AD3d 534 [1st Dept 2012]; *Vega v MTA Bus Co.*, 96 AD3d 506 [1st Dept 2012]). In addition, Maria's failure to explain the inconsistencies between her treating physician's finding of near full range of motion in the lumbar spine within three months after the accident, and his present findings of deficits, entitles defendant to summary judgment (*see Dorrian v Cantalicio*, 101 AD3d 578 [1st Dept 2012]; *Jno-Baptiste v Buckley*, 82 AD3d 578 [1st Dept 2011]).

Finally, we note that Supreme Court properly dismissed plaintiffs' 90/180-day claims, which, in any event, plaintiffs have abandoned on this appeal (*see Matter of Roberts v Gavin*, 96 AD3d 669, 670 [1st Dept 2012]; *McHale v Anthony*, 41 AD3d 265, 266-267 [1st Dept 2007]).

We have considered the plaintiffs' remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.