Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 22, 2012, which granted defendants’ motion for summary judgment dismissing plaintiff Wilson Frias’s complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting the affirmed reports of an orthopedic surgeon who examined the alleged injured body parts, listed the tests he performed and recorded range of motion measurements, expressed in numerical degrees and the corresponding normal values, and found no limitations (see Singer v Gae Limo Corp., 91 AD 3d 526, 527 [1st Dept 2012]). The surgeon’s examination was sufficient, even though he did not use an instrument to measure the ranges of motion (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 *590 [2002]). In addition, defendants relied on plaintiffs deposition testimony that, among other things, plaintiff was able to return to work as a painter within a week after treatment and ceased treatment within four months after the accident, which demonstrated that the injuries were minor in nature (see Gaddy v Eyler, 79 NY2d 955, 957-958 [1992]), and required an explanation for the gap in treatment (Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff failed to raise a triable issue of fact. In particular, plaintiff failed to offer evidence of significant limitations to his neck and shoulder (see Levinson v Mollah, 105 AD3d 644, 644 [1st Dept 2013]; Moore v Almanzar, 103 AD3d 415, 416 [1st Dept 2013]). Plaintiff also failed to tender competent objective medical evidence of an injury to his lumbar spine (see Thomas v City of New York, 99 AD3d 580, 581 [1st Dept 2012]). In addition, he failed to adequately explain his complete cessation of treatment less than four months after the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 94 AD3d 484, 485 [1st Dept 2012]).
Plaintiffs deposition testimony that he was confined to bed and home for about one week after the accident, and that his work day was shortened by an hour, defeats his 90/180-day claim (see Martin v Portexit Corp., 98 AD3d 63, 68 [1st Dept 2012]). Concur — Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.