Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 14, 2011, which denied defendants’ motion for summary judgment dismissing the complaint based on plaintiffs failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint against all defendants.
Defendants made a prima facie showing that the 53-year-old plaintiff did not suffer a serious injury to his right knee as a result of an incident in which he was struck by a motor vehicle. Defendants submitted the affirmed report of an orthopedist who opined that plaintiff had no deficits in range of motion in his right knee, and that the findings made following arthroscopic surgery were consistent with plaintiffs age and preexisting condition of the knee. Defendants also submitted the affirmed report of a radiologist who opined that x-rays of plaintiffs right knee showed conditions that were degenerative and due to a preexisting condition (Vasquez v Almanzar, 107 AD3d 538 [1st Dept 2013]; Kamara v Ajlan, 107 AD3d 575 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. He submitted, inter alia, affirmed medical reports from his treating orthopedic surgeon, which included findings of degenerative conditions in various compartments of plaintiffs right knee, yet his physicians failed to address those findings, thus supporting the conclusion that plaintiff had a preexisting degenerative condition (Rosa v Mejia, 95 AD3d 402, 404-405 [1st Dept 2012]; Malupa v Oppong, 106 AD3d 538 [1st Dept 2013]; Kamara, 107 AD3d at 575; Vasquez, 107 AD3d at 539).
Defendants established entitlement to dismissal of plaintiffs 90/180-day injury claim by submitting plaintiff’s bill of particulars wherein he alleged that he was “incapacitated” for approximately 34 days as a result of the subject accident (see Vasquez, 107 AD3d at 540-541, citing Mitrotti v Elia, 91 AD3d 449, 450 [1st Dept 2012]). Plaintiffs assertion that his ability to *610 do everyday activities had been significantly limited was insufficient to raise a triable issue of fact without objective medical evidence to substantiate his claims (id.). Concur — Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.