(September 11, 2014)

■ Marta Alvarez, Appellant, v NYLL Management Ltd. et al., Respondents. [993 NYS2d 1]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 17, 2012, which granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain permanent or significant serious injuries to her right shoulder, right knee, and neck as a result of the accident by submitting the expert reports of an orthopedic surgeon and radiologist, and by relying on plaintiff's own medical records (*see Paduani v Rodriguez*, 101 AD3d 470, 470 [1st Dept 2012]). Defendants' orthopedist found full range of motion in each body part, and their orthopedist and radiologist both concluded that plaintiff's conditions were degenerative in nature. The MRI reports prepared by plaintiff's radiologists found, among other things, that the shoulder MRI showed a bone spur (or growth) causing impingement on the shoulder tendon, that the right knee MRI was "normal," and that the cervical spine MRI showed a degenerative condition. Plaintiff's medical records also included a physician's examination finding full range of motion of the right knee, and the same range of motion in both shoulders shortly after the accident. Further, plaintiff's emergency room records included her acknowledgment of a history of arthritis.

In opposition, plaintiff failed to raise a triable issue of fact with respect to these alleged injuries. Her orthopedic surgeon's conclusory opinion that plaintiff's shoulder, knee and spine conditions were caused by the accident, and not degeneration, was insufficient to raise an issue of fact as to causation. Indeed, the surgeon failed to address or contest the detailed findings of preexisting degenerative conditions by defendants' experts, which were acknowledged in the reports of plaintiff's own radiologists (*Paduani*, 101 AD3d at 471). Moreover, the surgeon's failure to address plaintiff's history of arthritis, or the earlier, conflicting findings by plaintiff's other physician of normal knee range of motion and the same range of motion in both shoulders, warrants summary judgment dismissing those serious injury claims (*see Santos v Perez*, 107 AD3d 572, 574 [1st Dept 2013]; *Jno-Baptiste v Buckley*, 82 AD3d 578, 578-579 [1st Dept 2011]).*

The court properly dismissed plaintiff's 90/180-day claim, as she failed to allege in her bill of particulars that she was incapacitated for at least 90 of the first 180 days following the accident (*Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]; *Batista v Porro*, 110 AD3d 609, 609-610 [1st Dept 2013]). Concur—Gonzalez, P.J., Sweeny and Freedman, JJ.

Moskowitz and Kapnick, JJ., dissent in part in a memoran-

---

* This is evident by the analysis of the motion court and a reading of the doctor's report; an analysis not belied by the dissent's argument to make the report authoritative where it is not.

dum by Moskowitz, J., as follows: I agree with the majority that plaintiff has not raised an issue of fact on her 90/180-day claim. However, I believe that plaintiff raised a triable issue of fact as to whether she suffered a serious injury under the permanent, consequential and significant limitation categories of Insurance Law § 5102 (d). Therefore, I respectfully dissent.

As the majority notes, defendants made a prima facie showing that plaintiff did not sustain permanent or significant serious injuries to her right shoulder, right knee and neck as a result of the accident by submitting the expert reports of an orthopedic surgeon and radiologist, and by relying on plaintiff's medical records (*see Paduani v Rodriguez*, 101 AD3d 470, 470 [1st Dept 2012]). Defendants' orthopedist found full range of motion in each body part, and their orthopedist and radiologist both concluded that plaintiff's conditions were degenerative in nature. The MRI reports prepared by plaintiff's radiologists found, among other things, that the shoulder MRI showed a bone spur (or growth) causing impingement on the shoulder tendon, that the right knee MRI was "normal," and that the cervical spine MRI showed a degenerative condition. Plaintiff's medical records also included a physician's examination finding full range of motion of the right knee, and the same range of motion in both shoulders shortly after the accident. Further, plaintiff's emergency room records included her acknowledgment of a history of arthritis.

However, in opposition, plaintiff raised a triable issue of fact through her orthopedic surgeon's opinion that plaintiff's shoulder, knee and spine conditions were caused by the accident, and not by degeneration (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Plaintiff's treating surgeon evaluated plaintiff approximately two weeks after the accident; he performed arthroscopic surgery on plaintiff's right shoulder in June 2009, finding, among other things, a partial tear. The surgeon also performed surgery on plaintiff's right knee in August 2009. Based on plaintiff's report that she had never sustained injury to her right shoulder and right knee or other parts of her body before the accident, in which she was driving a car that was rear ended, and based upon his exam finding significant limitations of motion, the surgeon opined that defendant had sustained a partial tear to her right shoulder and injuries to her right knee from the accident. Further, the surgeon read an MRI of plaintiff's cervical spine and determined that it showed impingement from the accident.

Plaintiff's treating surgeon also noted her continued difficulty

in performing daily activities after the accident, and concluded that her disabilities and restrictions were not degenerative. His physical examination two years later, in July 2011, confirmed continued restriction in plaintiff's cervical spine, right shoulder and right knee (*see Kone v Rodriguez*, 107 AD3d 537 [1st Dept 2013]). The surgeon concluded that continued treatment after December 2009 would have been futile, as plaintiff was not improving and was receiving only temporary relief from acupuncture, chiropractic and physical therapy. Further, he noted, her no-fault benefits had been discontinued (*Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905, 906-907 [2013]).

Moreover, the physician who examined plaintiff 10 days after the accident observed in his notes that plaintiff had decreased range of motion in her cervical spine and right shoulder. This observation is also sufficient to raise a triable issue of fact (*see Tsamos v Diaz*, 81 AD3d 546 [1st Dept 2011]).

In light of the evidence presenting issues of fact inappropriate for summary adjudication, I would deny defendants' motion for summary judgment.