■ RICHARD RIVERA et al., Appellants, v FERNANDEZ & ULLOA AUTO GROUP et al., Respondents. [999 NYS2d 37]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 21, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff Rivera's complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), affirmed, without costs.

Defendants' summary judgment motion was timely since it was served within 120 days after the filing of the note of issue (*Derouen v Savoy Park Owner, L.L.C.*, 109 AD3d 706 [1st Dept 2013]).

In support of their motion for summary judgment, defendants made a prima facie showing that plaintiff did not suffer a permanent consequential or significant limitation of use of his left knee as a result of the subject motor vehicle accident. In their reports, defendants' expert radiologist and orthopedist opined that plaintiff had a chronic condition and suffered no injury causally related to the accident. Defendant's orthopedist found that plaintiff's left knee showed no signs of abnormality and had the same range of motion as the uninjured right knee. In addition, plaintiff's own medical records included an analysis of a post-accident MRI of his left knee concluding that the knee exhibited "[d]egenerative signal posterior horn, medial meniscus, without definitive MRI evidence for tear." This finding was acknowledged, and not contested, in an August 2010 note by plaintiff's treating orthopedic surgeon that was included in plaintiff's medical records and apparently had not been prepared for use in litigation.

Plaintiff's opposition to the summary judgment motion failed to raise a triable issue in response to defendants' prima facie case. Plaintiff submitted his aforementioned orthopedic surgeon's opinion that he suffered a knee injury "secondary" to the car accident. However, the surgeon's opinion failed to raise an issue of fact since the surgeon not only failed to address or contest the opinion of defendants' medical experts that any condition was chronic and unrelated to the accident, but also failed to address or contest the finding of degenerative changes

in the MRI report in plaintiff's own medical records, which the same surgeon had acknowledged in his August 2010 note.

Our dissenting colleague overlooks that recent precedents of this Court establish that a plaintiff cannot raise an issue of fact concerning the existence of a serious injury under the No-Fault Law where, as here, the plaintiff's own experts fail to address indications from the plaintiff's own medical records, or in the plaintiff's own expert evidence, that the physical deficits in question result from a preexisting degenerative condition rather than the subject accident (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014] [plaintiff failed to raise issue of fact where, inter alia, his expert failed to address "detailed findings of preexisting degenerative conditions by defendants' experts, which were acknowledged in the reports of plaintiff's own radiologists"]; *Farmer v Ventkate Inc.*, 117 AD3d 562, 562 [1st Dept 2014] [plaintiff failed to raise issue of fact where, inter alia, "(h)is orthopedic surgeon concurred that the X rays showed advanced degenerative changes"]; *Mena v White City Car & Limo Inc.*, 117 AD3d 441, 441 [1st Dept 2014] [plaintiff failed to raise issue of fact where, inter alia, "plaintiff's own radiologists noted degenerative conditions in their MRI reports, but failed to explain why this was not the cause of plaintiff's injuries"]; *Paduani v Rodriguez*, 101 AD3d 470, 470, 471 [1st Dept 2012] [plaintiff failed to raise issue of fact where, inter alia, defendants submitted "a radiograph report of plaintiff's radiologist finding severe degenerative changes" and, "(w)hile (plaintiff's) expert acknowledged in his own report MRI findings of degenerative changes in the lumbar spine, he did not address or contest such findings, and the MRI report of (plaintiff's) radiologist found herniations but did not address causation"]; *Rosa v Mejia*, 95 AD3d 402, 404 [1st Dept 2012] [plaintiff failed to raise issue of fact where, inter alia, "plaintiff's own radiologist . . . confirmed 'degenerative narrowing at the L5-S1 intervertebral disc space' without further comment"]). Concur—Friedman, J.P., Saxe and Gische, JJ.

Acosta and Manzanet-Daniels, JJ., dissent in part in a memorandum by Manzanet-Daniels, J., as follows: I would find that plaintiff has raised a triable issue of fact as to whether he suffered a serious injury within the meaning of Insurance Law § 5102 (d). I would accordingly reverse the motion court's order and reinstate the complaint.

Plaintiff's treating orthopedic surgeon affirmed that the left knee injury was causally related to the accident. Plaintiff's surgeon opined, inter alia, that plaintiff sustained traumatically induced tears of the posterior horn of both the medial and

lateral meniscus. He also stated in his report "[p]revious medical and surgical history: noncontributory," consistent with plaintiff's testimony that he had never previously been diagnosed with arthritis, scoliosis or osteoporosis, and had never sustained a trauma to the left knee before the accident. Plaintiff's surgeon opined that plaintiff suffers from atrophy of the quadriceps musculature consistent with unhealed damage to the meniscus, and that the damage to the cartilage of his knee places him at significant risk of needing total joint replacement.

The affirmation of plaintiff's surgeon, attributing the injury to the accident as opposed to any other cause, suffices to raise a triable issue of fact (see Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). The fact that defendants' experts attribute the injury to degenerative causes is of no moment. We have held, repeatedly, that it is unnecessary for a plaintiff's expert to specifically refute defense evidence as to degeneration; attributing the injury to another, equally plausible cause, i.e., the accident, is sufficient to raise a triable issue of fact (see e.g. Vaughan v Leon, 94 AD3d 646, 648-649 [1st Dept 2012]; Yuen, 80 AD3d at 482; Linton v Nawaz, 62 AD3d 434, 439-440 [1st Dept 2009], affd 14 NY3d 821 [2010]).

In Malloy v Matute (79 AD3d 584 [1st Dept 2010]), wherein we confronted strikingly similar facts, we modified to deny defendants' motion for summary judgment as to the claim of serious injury to the right knee and reinstated the complaint, reasoning that while the defendant's experts had ascribed his injuries to degenerative causes, "plaintiff's doctors were unanimous in concluding that the subject accident was the sole competent producing cause of plaintiff's knee injuries, based upon (1) their individual examinations; (2) MRI results; and (3) the necessity of surgery to repair a tear in the medial meniscus." The plaintiff in Malloy, like plaintiff here, had no previous knee problems or injuries, and underwent surgery within months of the accident.

Defendants' reliance on Henchy v VAS Express Corp. (115 AD3d 478 [1st Dept 2014]) and Farmer v Ventkate Inc. (117 AD3d 562 [1st Dept 2014]) for the proposition that plaintiff must refute defendant's evidence of degeneration is misplaced. The plaintiff in Farmer had a preexisting arthritic condition in the knee, and her expert concurred that X rays showed advanced degenerative changes. The plaintiff in Henchy submitted no contemporaneous objective evidence of injury or limitations in the knee. It was for these reasons that we deemed their respective experts' opinion as to causation conclusory and insufficient

to rebut the defendants' showing. While the MRI, as the majority notes, was not definitive regarding the existence of a tear, the fact that the surgeon visually observed tears and attributed them to a traumatic origin ought to suffice to raise a triable issue of fact.