■ EVIDA GREEN, Respondent, v KAREN JONES, Appellant, et al., Defendants. [19 NYS3d 514]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered October 6, 2014, which, insofar as appealed from as limited by the briefs, denied defendant Karen Jones's motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to plaintiff's claimed left shoulder and lumbar spine injuries, and otherwise affirmed, without costs.

Defendant established prima facie that plaintiff did not suffer any serious injury to her left shoulder or lumbar spine as a result of the motor vehicle accident at issue by submitting the affirmed report of a radiologist who opined that the MRI of the left shoulder revealed only degenerative conditions unrelated to any acute trauma, and that the MRI of the lumbar spine revealed degenerative disc disease and osteophyte formation—none of which could have occurred in the time between the ac-

cident and the relevant MRIs (see *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]; *Santos v Perez*, 107 AD3d 572, 573 [1st Dept 2013]). Defendant also submitted plaintiff's own medical records, including radiography reports prepared at the hospital after the accident, which included findings of degeneration and no findings of traumatic injury (see *Alvarez*, 120 AD3d at 1044).

In opposition, plaintiff failed to raise a triable issue of fact as to whether her left shoulder and lumbar spine conditions were causally related to the accident because none of her medical experts addressed or explained the finding of preexisting degeneration present in plaintiff's own medical records. They failed to demonstrate why degeneration was not the cause of the injuries to plaintiff's left shoulder and lumbar spine (see *Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]; *Alvarez*, 120 AD3d at 1044).

As to plaintiff's alleged cervical spine injury, however, defendant failed to satisfy her prima facie burden. Defendant's orthopedist did not demonstrate prima facie that plaintiff did not suffer significant or permanent limitations in use of her cervical spine by comparing his measurements to standards for normal range of motion (see *Zhijian Yang v Alston*, 73 AD3d 562 [1st Dept 2010]). Defendant's radiologist acknowledged that the MRI films showed herniated and bulging discs, so that there was objective evidence of injury, but opined that these conditions were degenerative in origin and preexisted the accident, so that there was no causal relation between plaintiff's cervical condition and the accident. However, defendant's orthopedic expert opined to a reasonable degree of medical certainty, following examination of plaintiff and review of various medical records, including an MRI report making a new finding of myelomalacia, that plaintiff experienced or may have experienced exacerbation or aggravation of her preexisting cervical spine condition as a result of the accident (see *Matos v Urena*, 128 AD3d 435, 436 [1st Dept 2015]; *Susino v Panzer*, 127 AD3d 523, 524 [1st Dept 2015]). The dispute between defendant's experts itself raises issues of fact as to whether plaintiff suffered a cervical spine injury caused by the accident, and, thus, the burden of proof never shifted to plaintiff with respect to that alleged injury. Concur—Tom, J.P., Saxe, Richter and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 33563(U).]**