■ SUSAN S. LEE, Appellant, v CRAIG M. LIPPMAN, Respondent. [24 NYS3d 277]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 7, 2014, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's failure to establish that she suffered a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant made a prima facie showing that plaintiff did not suffer a permanent or significant limitation in use of her cervical spine, lumbar spine, or right shoulder as a result of the motor vehicle accident. Defendant submitted an orthopedic surgeon's report finding normal range of motion in each part, and the report of a radiologist who opined that the MRIs of plaintiff's spine and right shoulder showed degenerative changes unrelated to the accident (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]). The orthopedist was not required to address causation, and the radiologist's opinion was not arbitrary.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's experts provided only a conclusory opinion that plaintiff's injuries were caused by the accident, without addressing the preexisting degenerative conditions documented in plaintiff's own medical records, or explaining why her current reported symptoms were not related to the preexisting conditions (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509, 510 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]; *Alvarez*, 120 AD3d at 1044). Further, plaintiff's doctor found only minor limitations in the range of motion of her spine upon a recent examination, and he diagnosed only minor changes in the shoulder, which is insufficient to demonstrate a serious injury involving significant or permanent limitations in use (*see Haniff v Khan*, 101 AD3d 643, 644 [1st Dept 2012]).

Plaintiff's allegations in her bill of particulars that she was confined to bed and home for no more than three days, and her testimony that she was able to resume doing household chores within three months, refute her 90/180-day claim (*see Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.