■ MILTON BROWN, Appellant, v FUSEOMO MOHAMMED BAWA et al., Respondents. [39 NYS3d 790]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about July 28, 2015, which, to the extent appealed from as limited from the briefs, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury to his left shoulder within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established entitlement to judgment as a matter of law by showing that plaintiff did not suffer a serious injury to his left shoulder. Defendants submitted the affirmed reports of a radiologist and an orthopedist who opined that the MRI of plaintiff's left shoulder revealed a preexisting congenital condition (os acromiale), which predisposed the shoulder joint to degenerative changes, which were also depicted in the MRI (*see e.g. Green v Jones*, 133 AD3d 472 [1st Dept 2015]; *Kang v Almanzar*, 116 AD3d 540 [1st Dept 2014]).

In opposition, plaintiff failed to raise a triable issue of fact. As plaintiff's MRI report showed an "[u]nfused distal acromial epiphysis consistent with os acromial [sic] with rotator cuff impingement," he was required to address that condition and explain why it was not the cause of his claimed injuries (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]; *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]). Plaintiff's orthopedic surgeon opined, based on his observations and review of medical records, that the injuries were caused by the accident, but he did not rebut the opinions of defendants' experts that plaintiff's shoulder condition was related to a preexisting congenital condition (*see Lee v Lippman*, 136 AD3d 411 [1st Dept 2016]). Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.