■ Verina Rose, Appellant, v Ousmane Tall et al., Respondents, et al., Defendant. [52 NYS3d 339]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about March 30, 2016, which granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established prima facie that plaintiff did not sustain a serious injury to her lumbar spine through the af-

firmed reports of their neurologist, who found no limitations as a result of the accident, and radiologist, who, after review of plaintiff's MRI films, found no injuries related to the subject accident (see Green v Jones, 133 AD3d 472 [1st Dept 2015]). Defendants also relied on reports prepared by plaintiff's treating neurologist, who found minimal limitations in range of motion at examinations conducted months after the accident.

In opposition, plaintiff submitted the report of her neurologist, who reviewed the MRI himself, and opined that plaintiff sustained a disc herniation as a result of the accident. However, his report is insufficient to raise a triable issue of fact because, on his initial examination, he found normal to near-normal range of motion, which did not qualify as a serious injury (see Eisenberg v Guzman, 101 AD3d 505 [1st Dept 2012]). Furthermore, on a more recent examination, that neurologist found a deficit in one plane and normal to near-normal range of motion in all other planes, and failed to explain the inconsistencies between his earlier findings of almost full range of motion and his present findings of additional deficits, rendering his opinion speculative (see Santos v Perez, 107 AD3d 572, 574 [1st Dept 2013]; Colon v Torres, 106 AD3d 458 [1st Dept 2013]). Plaintiff's showing of relatively minor limitations was insufficient to sustain a serious injury claim (see Gaddy v Eyler, 79 NY2d 955 [1992]; Cattouse v Smith, 146 AD3d 670, 672 [1st Dept 2017]).

Defendants also demonstrated that plaintiff did not suffer a 90/180-day claim by relying on her deposition testimony that she was confined to home and bed for just two days after the accident (see Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.