■ Francisca Fernandez, Appellant, v Emmanuel D. Hernandez et al., Respondents. [57 NYS3d 469]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 15, 2016, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer significant or permanent limitations to her lumbar spine or knees as a result of the accident. Defendants submitted the affirmed report of an orthopedic surgeon who found normal ranges of motion, negative objective test results, and resolved sprains, strains, and contusions to those body parts (see Reyes v Se Park, 127 AD3d 459, 460 [1st Dept 2015]). Defendants also relied on plaintiff's own medical records showing

that the claimed injuries were the result of preexisting degeneration (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]).

In opposition, plaintiff failed to raise an issue of fact. Plaintiff offered no admissible medical evidence concerning her lumbar spine. Even if her unaffirmed medical records were considered, they acknowledged the existence of degeneration in her spine, but did not address the degeneration or explain why it was not the cause of any symptoms (*see Alvarez*, 120 AD3d at 1044). Further, the affirmed report of her orthopedist was insufficient to raise an issue of fact as to plaintiff's knees because the range of motion findings were not compared to any normal value (*see Rickert v Diaz*, 112 AD3d 451, 452 [1st Dept 2013]). The finding of "tears, standing alone, without any evidence of limitations, [was] insufficient to raise a triable issue of fact as to whether a serious injury exists" (*Acosta v Zulu Servs., Inc.*, 129 AD3d 640, 640 [1st Dept 2015]). In addition, the orthopedist did not address the findings of degeneration found in plaintiff's own medical records (*Alvarez*, 120 AD3d at 1044). Moreover, plaintiff failed to provide a reasonable explanation for her cessation of all medical treatment after a brief three-month course of physical therapy (*see Green v Domino's Pizza, LLC*, 140 AD3d 546, 547 [1st Dept 2016]).

Plaintiff did not plead a significant disfigurement claim and, in any event, defendants' expert found no scarring upon examination and plaintiff's own medical records show no evidence of scarring to the left knee that was "unattractive [or] objectionable," much less "the subject of pity or scorn," as required to establish significant disfigurement (*Sidibe v Cordero*, 79 AD3d 536, 536 [1st Dept 2010] [internal quotation marks omitted]; *Aguilar v Hicks*, 9 AD3d 318, 319 [1st Dept 2004]).

Lastly, defendants made a prima facie showing that plaintiff did not suffer a 90/180-day injury, given her admission in the bill of particulars that she was only confined to her bed or home for a period of five weeks (*see Komina v Gil*, 107 AD3d 596, 597 [1st Dept 2013]). In opposition, plaintiff failed to raise an issue of fact. Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.