Hessing v Carroll (2018 NY Slip Op 03316)





Hessing v Carroll


2018 NY Slip Op 03316


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6475 20857/12E

[*1]Mark Hessing, Plaintiff-Appellant,
v
Katherine L. Carroll, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Law Offices of John Trop, Yonkers (David Holmes of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered January 19, 2017, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant met her initial burden of showing the absence of a triable issue on whether plaintiff had suffered a "permanent consequential" or "significant" limitation of use of his cervical spine, by submitting the affirmed report of her radiologist who found that plaintiff's MRI revealed degenerative disc disease and no evidence of traumatic injury. Moreover, defendant relied on plaintiff's own medical records, which also reflected findings of degenerative disc disease or cervical arthrosis. His medical records further showed that he had full range of motion and resumed rigorous daily cross-training shortly after the accident, and, after several months of physical therapy, did not seek any treatment for his cervical spine condition in the following four years. The burden thus shifted to plaintiff to address the evidence of a preexisting degenerative condition (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509, 510 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]), and to provide a reasonable explanation for his cessation of treatment (Pommells v Perez, 4 NY3d 566, 576-577 [2005]).
In opposition to defendant's prima facie showing, plaintiff failed to raise an issue of fact as to whether his cervical spine condition was causally related to the accident or constituted a serious injury. Plaintiff presented the opinion of a physician who examined him years after the accident and found range of motion deficits, which he attributed to cervical disc herniations caused by the accident. However, plaintiff's expert failed to causally connect these limitations or injuries to the accident, since he did not address or contest the findings in plaintiff's own medical records that he suffered from cervical arthrosis, or degenerative disc disease (see Franklin v Gareyua, 136 AD3d 464, 465 [1st Dept 2016], affd 29 NY3d 925 [2017]). Faced with these findings, plaintiff's examining physician's failure to explain why the accident, and not the degeneration, caused his condition, renders the opinion speculative, and entitles defendant to summary judgment (see Rivera at 510). Plaintiff also failed to provide a reasonable explanation [*2]for his cessation of treatment, which supports the conclusion that he did not sustain a serious injury to his cervical spine (see Cattouse v Smith, 146 AD3d 670, 672 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK