Pastora L. v Diallo (2018 NY Slip Op 08260)





Pastora L. v Diallo


2018 NY Slip Op 08260


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


7790 350027/13

[*1]Pastora L., et al., Plaintiffs, K.O., an Infant by Her Mother and Natural Guardian Pastora L., Plaintiff-Appellant,
v
Thierno O B Diallo, et al., Defendants, Walter Romero, et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about November 15, 2017, which granted defendants Walter Romero and Umbrella Cab Corp.'s motion for summary judgment dismissing the infant plaintiff's claims on the threshold issue of serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that the infant plaintiff's claimed injuries were not serious within the meaning of Insurance Law § 5102(d) through the affirmed reports of an orthopedic surgeon who found normal range of motion and no objective evidence of injury and a radiologist who found no evidence of injury in the MRIs taken of plaintiff's claimed injured body parts after the accident (see Hernandez v Marcano, 161 AD3d 676 [1st Dept 2018]). Defendants also submitted the report of an expert in emergency medicine, who opined that plaintiff's emergency room records, which showed she "[got] checked" after the accident and had no complaints of pain or signs of injury, were inconsistent with her serious injury claims (see Hayes v Gaceur, 162 AD3d 437, 438 [1st Dept 2018]). Relying on plaintiff's deposition testimony, defendants also identified a complete cessation of treatment after several months of physical therapy (see Pommells v Perez, 4 NY3d 566, 572 [2005]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether she sustained a serious, rather than a minor, injury. Her medical records confirm defendants' position, namely, that there was no objective evidence of injury (see Thomas v City of New York, 99 AD3d 580 [1st Dept 2012], lv denied 22 NY3d 857 [2013]). Her records also include findings of normal range of motion and resolving complaints. Plaintiff offered no justification for her cessation of treatment only several months following the collision (see Pommells, 4 NY3d at 574; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]). Moreover, the fact that four years followed in which plaintiff did not seek treatment renders the opinion of her medical expert, submitted in [*2]opposition, "speculative as to the permanency, significance, and causation of the claimed injuries" (Vila v Foxglove Taxi Corp., 159 AD3d 431, 431-32 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK