Dixon v Kone (2019 NY Slip Op 02041)





Dixon v Kone


2019 NY Slip Op 02041


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8745 304457/14

[*1]Steve Dixon, Plaintiff-Appellant,
v
Sekou Kone, et al., Defendants-Respondents, Ryan J. Brown, et al., Defendants.


Law Offices of Michael A. Cervini, P.C., Elmhurst (Michael A. Cervini of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about April 9, 2018, which, inter alia, granted the motion of defendants Sekou Kone and Martinez G. Transportation Inc. for summary judgment dismissing the complaint as against them based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established their entitlement to judgment as a matter of law in this action where plaintiff alleges that he suffered an aggravation of preexisting conditions in his cervical and lumbar spine as the result of an accident that occurred while he was a passenger in defendants' taxi. Defendants submitted, among other things, plaintiff's deposition testimony, acknowledging that he previously had fusion surgery in his cervical spine, and reports of their radiologist who, consistent with plaintiff's own radiologists, found that MRIs and CT scans performed approximately seven years before the accident showed significant degenerative disc disease in his cervical and lumbar spine (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Defendants' orthopedist and neurologist found no current symptoms related to the accident, but only symptoms related to the preexisting conditions, and their emergency medicine expert found no indication of traumatic injury in plaintiff's hospital records from the day of the accident (see Moore-Brown v Sofi Hacking Corp., 151 AD3d 567 [1st Dept 2017]).
In opposition, plaintiff failed to raise a triable issue of fact. He submitted medical records, which also confirmed his preexisting conditions, and the report of a physician who examined him two years after the accident. Although the physician acknowledged plaintiff's prior surgery, preexisting degenerative conditions, and continuing pre-accident treatment, he failed to explain why plaintiff's alleged injuries were not caused by the preexisting conditions, or to provide any basis for
finding an aggravation of those injuries (see Hessing v Carroll, 161 AD3d 462, 463 [1st Dept 2018]; Latus v Ishtarq, 159 AD3d 433 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK