Maraj v Fletcher (2020 NY Slip Op 01393)





Maraj v Fletcher


2020 NY Slip Op 01393


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11150 300507/17

[*1] Raj G. Maraj, Plaintiff-Appellant,
v
Joseph Fletcher, Defendant-Respondent.


Law Offices of Alexander Bespechny, Bronx (Louis A. Badolato of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about February 28, 2019, which, to the extent appealed as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's claims of serious injury to his left shoulder, cervical spine, and lumbar spine, pursuant to Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant established prima facie that plaintiff did not sustain a serious injury involving permanent consequential or significant limitations in use through the affirmed reports of an orthopedist and neurologist, who concluded that there was no objective evidence of a left shoulder, cervical spine, or lumbar spine injury based on a physical examination (see Rodriguez v Konate, 161 AD3d 565 [1st Dept 2018]). Defendant's radiologist also concluded that the findings in plaintiff's MRIs were degenerative, longstanding, and not causally related to the accident (see Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]), and the orthopedist opined that plaintiff's own MRI reports revealed only mild degenerative conditions. Defendant also relied on an emergency medical expert, who opined that plaintiff's hospital records from five days after the accident were inconsistent with the claimed serious injuries, since he complained only of shoulder pain following a "minor" accident and the examination reported full range of motion in the shoulder, with no recommendation for any treatment (see Streety v Toure, 173 AD3d 462, 462 [1st Dept 2019]).
In opposition, plaintiff failed to raise a triable issue of fact. He submitted no evidence of permanent limitations in use of his neck, back or left shoulder. As for his cervical and lumbar spine claims, plaintiff's medical expert failed to adequately explain why plaintiff's symptoms stemmed from the subject accident rather than his two prior motor vehicle accidents, which had caused injury to his right shoulder, knee, and lumbar spine (see Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]; see also Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]), or address the degenerative findings in his own MRIs (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]). As to his left shoulder, plaintiff's orthopedic surgeon noted there were limitations at one visit, but did not explain the conflicting findings of full range of motion documented in plaintiff's hospital and medical records within the month after his accident
(see Booth v Milstein, 146 AD3d 652 [1st Dept 2017]; Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [1st Dept 2011]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK