Cooke v Jean-Baptiste (2026 NY Slip Op 01299)

Cooke v Jean-Baptiste

2026 NY Slip Op 01299

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 23742/19|Appeal No. 5863|Case No. 2024-00371|

[*1]Charmaine Cooke, Plaintiff-Respondent,
vUrline Jean-Baptiste et al., Defendants-Appellants.

Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellants.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about October 12, 2023, which, to the extent appealed from as limited by the briefs, denied so much of defendants' motion for summary judgment dismissing plaintiff's claims of permanent consequential limitation of use and significant limitation of use and her 90/180-day claim for lack of a serious injury within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
This personal injury action stems from a motor vehicle accident that occurred on December 12, 2018. Plaintiff previously was involved in an unrelated motor vehicle accident on June 8, 2017. In her bill of particulars, she pleaded that the 2018 accident caused, aggravated, or exacerbated injuries to her wrists, cervical spine, lumbar spine, shoulders, and knees. To the extent plaintiff claimed, in opposition to defendants' motion, other injuries to other body parts not enumerated in her pleadings, those claims should have been dismissed (see e.g. Perez v Ahadzi, 224 AD3d 556, 557 [1st Dept 2024]).
Plaintiff also pleaded in her bill of particulars that she sustained "a significant [sic] limitation of use of a body organ or member" and "a significant limitation of use of a body function or system" and asserted a 90/180-day claim under Insurance Law § 5102(d). We construe plaintiff's use of the word "significant" in the first of her pleaded categories, instead of the words "permanent consequential," to be a scrivener's error by her former attorneys that we may disregard (see CPLR 2001).
Defendants established prima facie the absence of medical findings of resulting limitations in plaintiff's cervical spine, lumbar spine, right shoulder and wrists through their expert orthopedic surgeon's report finding normal range of motion in each of those body parts (see e.g. Solano v American United Transp. Inc., 243 AD3d 497, 498 [1st Dept 2025]; Rodriguez v Santos, 235 AD3d 564, 564 [1st Dept 2025]; Brito v Bethlehem Haulage, LLC, 232 AD3d 533, 534 [1st Dept 2024]).
As for the left shoulder, although their orthopedic surgeon measured range of motion limitations in three planes of motion, defendants established prima facie that plaintiff's claimed left shoulder injury was not causally related to the accident through the orthopedic surgeon's attribution of those limitations to degenerative joint disease — an opinion that was supported by MRI reports showing degenerative conditions (see e.g. Krmic v Corrie, 235 AD3d 450, 450-451 [1st Dept 2025]; Burgos v Diamond Bricks Inc., 231 AD3d 529, 530 [1st Dept 2024]). Defendants met their prima facie burden on causation as to all of plaintiff's claimed body parts by submitting the MRI reports authored by plaintiff's doctors, all of which extensively found degenerative conditions on each body part (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff failed to raise an issue of fact. Even if her expert chiropractor's report finding limitations in range of motion in her cervical and lumbar spine had been submitted in admissible form, the chiropractor did not address any of defendants' experts' opinions regarding plaintiff's injuries (see e.g. Brito, 232 AD3d at 534) or any of the degenerative findings on her diagnostic imaging (see e.g. McKenzie-Moses v Lelcaj, 238 AD3d 415, 416 [1st Dept 2025]; Krmic, 235 AD3d at 451-452; Giap v Hathi Son Pham, 159 AD3d 484, 486 [1st Dept 2018]). Plaintiff's chiropractor also did not explain how the 2018 accident may have aggravated or exacerbated either plaintiff's injuries from the 2017 accident or her preexisting degenerative conditions (see e.g. Burgos, 231 AD3d at 530-531).
Finally, in the absence of a causally related injury, plaintiff does not have a viable 90/180-day claim (see e.g. Krmic, 235 AD3d at 452; Rosado v Haidara, 224 AD3d 577, 578 [1st Dept 2024]; Perez, 224 AD3d at 557).]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026