■ OLGA FEDOROVA, Appellant, v MARK KIRKLAND et al., Respondents. [5 NYS3d 428]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered March 21, 2014, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff alleges that she suffered serious injuries to her left knee, left shoulder, cervical spine, and lumbar spine, as a result of having been knocked over by defendants' vehicle as she was crossing the street. In support of their motion for summary judgment, defendants submitted some of plaintiff's medical records showing, among other things, that the then 65-year-old plaintiff had been diagnosed with arthritis in both knees years before the accident, and that she had indicated to a psychiatrist that she did not suffer any physical injuries as a result of the accident, but had become fearful of crossing streets.

Defendants also submitted an expert report from an orthopedist who reviewed some of the medical records and conducted a physical examination of plaintiff two years after the accident. He concluded that plaintiff had malignment and degenerative arthritis in both knees, consistent with her obesity and age. He noted, however, that he rendered this opinion without the benefit of the medical records from the time of the accident or from the arthroscopic surgery performed six weeks later. Accordingly, defendants' orthopedists's findings are conclusory and insufficient to establish entitlement to judgment as matter of law.

In addition, defendants submitted a report from a radiologist who failed to indicate his area of medical specialization which states that the MRI films taken after plaintiff's accident show pre-existing, degenerative conditions in all body parts, and no evidence of injury caused by the accident. Neither the radiologist nor defendants' orthopedist referenced the medical report, also submitted by defendants, from Dr. Joseph Minta, plaintiff's internist, who performed a complete medical examination less than one week after the accident, indicating that plaintiff complained of pain and discomfort in her left knee, left shoulder, and back (i.e., the same injuries for which plaintiff seeks compensation in this action). Dr. Minta concluded, based on plaintiff's complaints and history, that the accident "seems to be the causative factor of the [patient's] symptomatology." Thus, defendants themselves have submitted evidence that raises a question of fact as to causality, and precludes summary judgment. Since defendants failed to make a prima facie showing, the motion court should have denied the motion, " *'regardless*

*of the sufficiency of the opposing papers' "* (*Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008] [emphasis in original], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Even if defendants established that none of plaintiff's injuries were caused by this accident, summary dismissal would still not be warranted. Plaintiff has met her burden of establishing that there are material issues of fact requiring a trial (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). She submitted the postoperative report from the arthroscopic surgery performed on her left knee which provides a diagnosis of a tear of the medial meniscus and the lateral meniscus, as well as degenerative changes to the medial and lateral femoral condyles, and multiple loose bodies. Plaintiff provides, as well, a more recent affirmation from her orthopedic surgeon which indicates that at the time of surgery, the diagnosis was a torn medial meniscus that was causally related to the accident. Although defendants argue that the second narrative report contradicts the postsurgical report, we note that both reports indicate that the torn meniscus was surgically repaired, with the postsurgical report distinguishing between the degenerative conditions and the tear, and the narrative report stating explicitly that the tear was not degenerative but the result of trauma. This sufficiently raises a question as to the nature and cause of plaintiff's knee injury (*see Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

Because plaintiff has sufficiently established that at least some of her injuries meet the "no-fault" threshold, we do not need to examine her proof with respect to the other injuries (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]). If the trier of fact determines that plaintiff sustained a serious injury, it may award damages for all her injuries causally related to the accident, even those that do not meet the threshold (*see Angeles v American United Transp., Inc.*, 110 AD3d 639, 640 [1st Dept 2013]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.