■ MELVIN CASTILLO, Appellant, v JESSENIA ABREU et al., Respondents. [18 NYS3d 378]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 12, 2014, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's failure to establish that he suffered a "serious injury" to his left shoulder, lumbar spine, or cervical spine within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion with respect to plaintiff's claims of serious injury to his lumbar spine and cervical spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury involving a permanent consequential or significant limitation in use of his spine or shoulder by submitting the affirmed reports of an orthopedic surgeon, who found full range of motion in all parts, and a radiologist, who concluded that the MRI of plaintiff's left shoulder was normal and without evidence of acute injury (*see Kang v Almanzar*, 116 AD3d 540 [1st Dept 2014]).

In opposition, plaintiff raised a triable issue of fact as to his lumbar spine and cervical spine by submitting the affirmed MRI reports of a radiologist, who found multiple disc herniations in the lumbar spine and bulging discs in the cervical spine, and the report of his chiropractor, who measured significant limitations in spinal range of motion both shortly after the accident and recently (*see Pinzon v Gonzalez*, 93 AD3d 615, 615 [1st Dept 2012]). Defendants' orthopedic expert did not dispute that any spinal injuries were causally related to the accident, and plaintiff's chiropractor opined that there was a causal relationship, since plaintiff was only 19 years old and had no prior symptoms. Plaintiff's chiropractor also provided an explanation for his gap in treatment sufficient to raise an issue of fact (*see Young Kyu Kim v Gomez*, 105 AD3d 415, 415 [1st Dept 2013]).

Plaintiff, however, did not submit objective medical evidence sufficient to raise an issue of fact as to the existence of a serious shoulder injury causally related to the accident (*see Figueroa v Ortiz*, 125 AD3d 491, 492 [1st Dept 2015]). His radiologist stated that his MRI revealed only evidence of edema indicative of recent trauma.

At trial, if plaintiff establishes a serious injury to his spine, he may recover for all injuries causally related to the accident, even those that do not meet the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]). Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.