■ ANTHONY P., by His Guardian, AVIS P., et al., Respondents, v TOURE ABDOU et al., Defendants, and RINCON SEVERITO et al., Appellants. [33 NYS3d 48]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 8, 2015, which, to the extent appealed from, denied defendants Severito and Bronx Merchant Funding Services, LLC's motion for summary judgment dismissing the complaint as against them on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to plaintiff Keyvanna H.'s claim of serious injury to her left ankle, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiffs Anthony P. and Keyvanna H. did not sustain serious injuries involving permanent consequential or significant limitations in use of the body parts they claim were injured through the affirmed report of their orthopedic expert, who found full range of motion in all allegedly injured body parts. However, defendants' reliance on certain numbers in the computerized range of motion studies contained in plaintiffs' medical records to show that plaintiffs had only "minor" limitations after the accident

is unavailing. Defendants rely on percentages indicating "impairment" without explaining what those numbers mean. The range-of-motion measurements recorded in those same studies, when compared with the normal values provided, actually demonstrate limitations in range of motion in the body parts claimed to have been injured (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]).

Plaintiff Anthony P. raised a triable issue of fact as to whether he sustained a serious injury to his right knee and cervical spine (*see Johnson v Salaj*, 130 AD3d 502 [1st Dept 2015]). He submitted MRI findings showing right knee ligament tears, which were confirmed by his surgeon, who viewed the tears during arthroscopic surgery, opined that the injury was causally related to the accident, and found persisting limitations in use. He also submitted a cervical spine MRI showing disc bulges, and his physicians found limitations in range of motion and related these injuries to the subject accident (*see generally Toure*, 98 NY2d at 353). Since Anthony raised an issue of fact as to whether at least one of his serious injury claims meets the serious injury threshold, it is not necessary to consider the sufficiency of proof as to his other claims, particularly since defendants do not address each claim individually on appeal (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Fedorova v Kirkland*, 126 AD3d 624 [1st Dept 2015]).

Keyvanna H.'s claim of injury to her ankle should be dismissed, because she failed to raise an issue of fact in opposition to defendants' expert opinion that her ankle condition was a congenital condition that could not have been caused by the accident; the expert also noted that Hopkins's radiologist found that the foot and ankle MRIs taken after the accident were normal. Keyvanna's own medical records reflect that she had "congenital anomalies" in her foot and ankle, which diagnosis was not explained by the physician who saw her three years after the accident and opined that she had sustained an injury to her ankle that was causally related to the accident (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509, 510 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]).

However, Keyvanna, who was 11 years old at the time of the accident, raised a triable issue of fact as to whether she sustained a serious injury to her lumbar spine. She submitted MRI reports providing objective medical evidence of injury to the lumbar spine, and her treating physician found limitations in range of motion that were causally related to the accident (*see Castillo v Abreu*, 132 AD3d 520 [1st Dept 2015]). Since this injury meets the serious injury threshold, we need not address

whether Keyvanna's other claimed injuries meet the threshold (*Linton v Nawaz*, 14 NY3d 821 [2010]).

At trial, if either plaintiff establishes a serious injury to any body part, he or she may recover for all injuries causally related to the accident, including those that do not meet the serious injury threshold (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

Plaintiffs argue that the motion court erred in dismissing their claims of 90/180-day injuries. However, since plaintiffs did not appeal from the order, that issue is not before us. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.