Williams v Laura Livery Corp. (2019 NY Slip Op 07540)





Williams v Laura Livery Corp.


2019 NY Slip Op 07540


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10157 25778/14E

[*1] Clarence Williams, Plaintiff-Appellant,
v
Laura Livery Corporation, et al., Defendants-Respondents.


Ikhilov & Associates, Brooklyn (Ryan F. Blackmer of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered April 17, 2019, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that he was riding his bicycle through an intersection when defendants' vehicle struck him in the right knee and knocked him to the ground. He complains of injuries to his right shoulder, right knee, neck, and lower back.
Defendants demonstrated prima facie that plaintiff did not sustain any serious injury causally related to the accident through the expert reports of a radiologist who found that plaintiff's X-rays and MRIs showed degenerative conditions and of an orthopedist who reviewed plaintiff's medical records and opined they showed longstanding chronic conditions, not causally related to the accident, without any evidence of acute or traumatic injury (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509, 509-510 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Contrary to plaintiff's argument, defendants' orthopedist could rely on plaintiff's unsworn medical records to satisfy their initial burden of showing that the plaintiff did not sustain a serious injury causally related to the accident (see Newton v Drayton, 305 AD2d 303, 304 [1st Dept 2003]; see also Pommells v Perez, 4 NY3d 566, 573 [2005]).
In opposition, plaintiff failed to raise an issue of fact. Some of the medical records and reports of his treating physicians contained a conclusory statement that the conditions were causally related to the accident, but none of them addressed the evidence of preexisting degenerative conditions shown in his own medical records or explained why they could not have been the cause of his conditions (see Auquilla v Singh, 162 AD3d 463, 464 [1st Dept 2018]; Alvarez, 120 AD3d at 1044; cf. Fedorova v Kirkland, 126 AD3d 624, 625-626 [1st Dept 2015] [plaintiff raised issue of fact through report of her surgeon who specifically addressed degenerative conditions of the knee and opined as to causation]). Plaintiff's 90/180-day claim [*2]was correctly dismissed, given his deposition testimony that he was confined to his home for less than two weeks (see Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK