■ In the Matter of GRACE NIEVES, Appellant, v JOHN MARTINEZ, as Chairperson of the New York City Housing Authority, et al., Respondents. [728 NYS2d 453] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered May 2, 2000, which, in a proceeding brought pursuant to CPLR article 78 to annul the determination of respondent John Martinez, as Chairperson of the New York City Housing Authority, which terminated petitioner's section 8 rent subsidy, denied the petition and dismissed the proceeding, unanimously affirmed, without costs.

Although we affirm the dismissal of this proceeding, we do not do so upon the merits, as did Supreme Court, but upon the ground that the proceeding was not properly or timely commenced. Petitioner received a copy of the New York City Housing Authority's August 2, 1999 "Notice of Default: Termination of Section 8 Subsidy" (T-3) letter no later than August 16, 1999, when she dated her request for a hearing in response to the notice. This letter advised petitioner that if she wanted to challenge the determination in court, she had four months to do so.

Petitioner's subsequent filing of an unexecuted order to show cause on December 28, 1999, in purported commencement of this proceeding, is of no legal effect. Consequently, its filing did not satisfy the requirements of the commencement-by-filing statute pursuant to which a petitioner must file an order to show cause or a notice of petition with the petition (*see, Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 717). Filing is a jurisdictional prerequisite with which strict compliance is required and petitioner's failure to file the proper papers resulted in a failure to properly commence the proceeding (*id.*; *Matter of Vetrone v Mackin*, 216 AD2d 839, 841). Accordingly, the Supreme Court erred in excusing petitioner's "filing defect."

On May 2, 2000, petitioner finally filed an executed order to show cause. The Housing Authority's determination became final and binding upon petitioner's admitted receipt of the August 2, 1999 T-3 letter (*see*, para 22 [f] of First Partial

Consent Judgment in *Williams v New York City Hous. Auth.*, 81 Civ 1801 [RJW]). Therefore, by the time petitioner finally complied with the filing requirement, the proceeding was time barred (*see,* CPLR 217). Furthermore, any request for reconsideration did not toll the statute of limitations period (*see, Matter of Todd v New York City Hous. Auth.*, 262 AD2d 202).

Petitioner's contention that because respondent Martinez did not file a notice of cross appeal, he is precluded from arguing on appeal that the statute of limitations bars the proceeding, is without merit. Indeed, Martinez, as the successful party in the Supreme Court was not aggrieved by the judgment appealed from and therefore could not appeal. However, he could nevertheless advance an alternate ground for affirmance, i.e., "obtain review of a determination incorrectly rendered below where, otherwise, he might suffer a reversal of the final judgment or order upon some other ground" (*Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 545; *see also, Matter of Padwee v Lustenberger*, 226 AD2d 897, 899 n; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:5, at 20).

We need not reach petitioner's remaining contentions in light of our determination. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.