■ In the Matter of the Ancillary Receivership of RELIANCE INSURANCE COMPANY. O'BRIEN & GERE TECHNICAL SERVICES, INC., Appellant; NEW YORK LIQUIDATION BUREAU (RELIANCE INSURANCE COMPANY IN LIQUIDATION), Respondent. [918 NYS2d 25]—

Orders, Supreme Court, New York County (Michael D. Stallman, J.), entered November 27, 2009, which granted respondent's motion to confirm a referee's report, inter alia, finding that petitioner is not entitled to coverage under the subject insurance policy and awarding petitioner $33,298.82 in attorneys' fees, and denied petitioner's motion to reject in part and confirm in part the referee's report, respectively, unanimously modified, on the law and the facts, to the extent of increasing the award of attorneys' fees to $66,597.64, and otherwise affirmed, without costs.

Petitioner O'Brien & Gere Technical Services, Inc. (Tech Services) is a construction management company which was retained for a building project in Missouri in 1998. Respondent Reliance Insurance Company was subsequently placed into liquidation with outstanding claims transferred to the New York Liquidation Bureau (Insurer).

The undisputed facts of this case are as follows: After the general contractor Fru-Con/Fluor Daniel Joint Venture (JV) paid Tech Services more than $21 million, but before the project was completed, JV terminated its contract with Tech Services. Tech Services then commenced an action for recovery of damages in the United States District Court for the Eastern District of Missouri (2002 US Dist LEXIS 27733 [ED Mo 2002]). JV filed a counterclaim for breach of contract. The court awarded Tech Services more than $5 million on a quantum meruit basis. It dismissed JV's counterclaim but deducted approximately $1.3 million from Tech Services' award as a setoff for defective work. Specifically, the district court found defective work in the design of the buildings because of incorrect seismic analysis.

This setoff is the crux of the instant appeal. Tech Services submitted a claim to Insurer for the amount of the setoff characterizing it as "damages" incurred under an environmental liability policy. Tech Services was an additional named insured on the policy which had been issued to O'Brien & Gere

Engineers Inc. (Engineers), a separate corporate entity employed as a subcontractor on the project.

In June 2005, Insurer denied the claim. Subsequently, Tech Services moved for a review of Insurer's determination. The Referee found that the damages sought are of the type recoverable under the policy, but denied Tech Services' claim finding that it falls within the policy's "own work" exception. The Referee rejected Tech Services' argument that the claim is covered by the policy's professional liability provision. Supreme Court granted Insurer's motion to confirm the report and denied Tech Services' motion to confirm in part, and reject in part.

On appeal, Tech Services argues that the Referee's report correctly found that the setoff is recoverable damages under the policy, and that the Referee erred in denying it coverage under the professional liability provision of the policy. Insurer asserts that the Referee erred in finding that the setoff is recoverable under New York law or the policy, but that Referee correctly found that the claim does not arise out of Tech Services' rendering of professional services, and thus properly denied the claim. For the reasons set forth below we agree with Insurer's position in its entirety.

As a threshold matter, we note that while Insurer lost before the Referee on the issue of whether the setoff is recoverable damages, it received the relief it requested. Hence, Insurer moved to confirm the report, and did not cross-appeal from the orders below. As Insurer asserts, a prevailing party may raise, as a basis for affirmance, a point it lost in the court below provided that point was previously fully presented (*Matter of Nieves v Martinez*, 285 AD2d 410, 411 [2001]). Here, the issue was fully briefed and argued before the Referee, and expressly determined in the report. As such, it is properly before this Court.

Moreover, Insurer is right on the merits of the issue. The policy limits recovery to insured "damages" and "claims." Significantly, "damages" is defined as: "a monetary judgment, award or settlement of compensatory damages. DAMAGES does not include . . . equitable relief, or the return of fees or charges for services rendered or expense incurred by the INSURED for redesign, changes, additions or remedies necessitated by a CLAIM." Claim is defined as: "a demand . . . for money or services."

Here, the setoff awarded by the Missouri District Court, and affirmed by the United States Court of Appeals for the Eighth Circuit (380 F3d 447 [8th Cir 2004]), was not a monetary judgment or compensatory damages for JV. Indeed, JV's counterclaim for breach of contract was dismissed in its entirety.

Instead, the district court, relying on *Kranz v Centropolis Crusher, Inc.* (630 SW2d 140, 145 [Mo 1982]), noted that quantum meruit recovery by the plaintiff may be reduced by "offsets for work which it demonstrates is defective" (*O'Brien & Gere Tech. Servs., Inc. v Fru-Con/Fluor Daniel Joint Venture,* 2002 US Dist LEXIS 27733, *48 [2002]) and reduced plaintiff's recovery by amounts attributed to defective and imcomplete work, which, it is noted, is unequivocallly excluded from the definition of damages in the subject policy.

Moreover, it is well established that such a setoff is uninsurable as a matter of law. New York law is clear that the refund of monies to which a party is not entitled is not an insurable loss (*Millennium Partners, L.P. v Select Ins. Co.,* 68 AD3d 420 [2009]; *Reliance Group Holdings v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 188 AD2d 47, 54-56 [1993], *lv dismissed in part and denied in part* 82 NY2d 704 [1993]).

Tech Services' argument that the setoff arose from a claim of professional negligence and thus is covered by the subject policy's professional liability provision is equally without merit. The provision states that the policy applies to: "any act, error or omission in PROFESSIONAL SERVICES rendered or that should have been rendered by the INSURED or by any person for whose acts, errors or omissions the INSURED is legally responsible, and arising out of the conduct of the INSURED's profession."

The insured, that is, the claimant in this case, is Tech Services. It is undisputed that if there is professional negligence then it is attributable to the engineering and seismic analysis work of Engineers, which Tech Services characterizes as its affiliate. Tech Services thus focuses on that portion of the provision that relates to coverage for the insured "or . . . any person for whose acts, errors or omissions [for whom] the insured is legally responsible."

However, by so doing Tech Services has overlooked the crucial portion of the provision that requires the acts, errors or omissions to arise from "the conduct of the insured's profession." As the Referee correctly found, Tech Services and Engineers are two separate corporate entities; and the acts, errors and omissions did not arise out of Tech Services' profession, which is construction management. The Referee noted that having taken the benefits of separate corporate form, Tech Services could not set it aside and claim the affiliate's profession as its own. While it is possible Engineers, as named insured, might have a claim under its policy, this is not at issue here. The Referee correctly

concluded that Tech Services' claim fell outside the policy coverage.*

Finally, the Referee misconstrued the legal defense costs provision of the policy in applying 50% of petitioner's unpaid legal expenses toward satisfying the policy "retention" (i.e., deductible), without determining whether the retention remained unsatisfied, even while observing that the retention was $250,000. It is undisputed that the retention had already been satisfied. Thus, petitioner should have been awarded 100% of its legal expenses. Concur—Tom, J.P., Friedman, Catterson, Renwick and Manzanet-Daniels, JJ.

---

* While no longer relevant to the outcome of this case, it is worth mentioning that, because Tech Services and Engineers are two separate corporate entities, the Referee erred in applying the "own work" exception to Tech Services' claim since Engineers, not Tech Services, performed the faulty work.