■ In the Matter of TIFFANY COLE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [997 NYS2d 390]—

Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered January 10, 2014, granting the petition to the extent of, among other things, vacating respondent's determination terminating petitioner's Section 8 subsidy, and bringing up for review an order, same court and Justice, entered July 9, 2012, which denied respondent's cross motion to dismiss as

time-barred the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the Housing Authority's cross motion granted, the petition denied, and the proceeding dismissed.

The four-month statute of limitations of CPLR 217 (1) began to run on the date of receipt of the T-3 notice notifying petitioner that her Section 8 subsidy would be terminated in 45 days if she did not request a hearing (*see Matter of Parks v New York City Hous. Auth.*, 100 AD3d 407, 408 [1st Dept 2012]; *see also Matter of Nieves v Martinez*, 285 AD2d 410, 410-411 [1st Dept 2001]). As petitioner admitted that she received the T-3 notice in January 2011, and there is no evidence that she requested a hearing, this article 78 proceeding, commenced more than a year later, is time-barred.

Petitioner's argument that the Housing Authority told her to disregard the notices is unavailing, as an agency cannot be estopped from enforcing its policies (*see Matter of Muhammad v New York City Hous. Auth.*, 81 AD3d 526, 527 [1st Dept 2011]). Further, even if petitioner reasonably relied on the Housing Authority's alleged misrepresentation, this proceeding is still time-barred. Indeed, petitioner admitted that she received an eviction notice from her landlord in September 2011 advising her that she had been terminated from the Section 8 subsidy program. Accordingly, she was aware of the Housing Authority's determination in September 2011, but failed to commence an article 78 until more than four months later (*see 90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 227 AD2d 331, 331-332 [1st Dept 1996]). Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 33284(U).]**