Grate v Rodrigues (2020 NY Slip Op 00081)





Grate v Rodrigues


2020 NY Slip Op 00081


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10704 26162/16E

[*1] Robert Grate, Plaintiff-Appellant,
v
Ralph Rodrigues, et al., Defendants-Respondents.


Law Office of Amy Posner, New York (Amy Posner of counsel), for appellant.
Picciano & Scahill, PC, Bethpage (Gerard Ferrara of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered September 13, 2018, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Contrary to plaintiff's contention, defendants are not limited to the ground relied on by the motion court in granting summary judgment, but may advance other grounds for affirmance that were presented to the motion court (Matter of Nieves v Martinez, 285 AD2d 410 [1st Dept 2001], citing Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]).
Defendants established prima facie that plaintiff, who was 53 years old at the time of the subject motor vehicle accident, did not sustain a serious injury to his cervical spine, lumbar spine or right knee as a result of the accident. They submitted the report of an orthopedic surgeon, who found that plaintiff had full range of motion and negative test results in his cervical spine, lumbar spine, and right knee (see Vishevnik v Bouna, 147 AD3d 657 [1st Dept 2017]). The orthopedist also opined that plaintiff's MRI reports documented preexisting degenerative conditions, and defendant's radiologist reviewed the underlying MRI films and opined that they revealed chronic degenerative conditions, including spondylosis in the spine and osteoarthritis in the knee, unrelated to trauma (see Batista v Porro, 110 AD3d 609, 609 [1st Dept 2013]). Defendants also presented evidence, notably plaintiff's deposition testimony, that plaintiff sought no further medical treatment for the claimed conditions after undergoing an arthroscopic procedure in July 2016 and had no future medical treatment scheduled, which supports the conclusion that he did not sustain a serious injury to his spine or knee.
In opposition, plaintiff failed to address the issue of causation presented by the evidence of preexisting conditions documented in his own medical records (see Hessing v Carroll, 161 AD3d 462, 463 [1st Dept 2018]); Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Plaintiff submitted his unaffirmed MRI reports, which he was entitled to rely upon because defendants' orthopedist expressly relied upon them in reaching his conclusion that plaintiff's conditions were preexisting and degenerative in nature (Francis v Nelson, 140 AD3d 467, 468 [1st Dept 2016]). However, the MRI reports do not avail plaintiff. While they show herniated and bulging discs in the spine and meniscal tears in the knee, they also reflect degenerative conditions, as noted by defendant's orthopedist. Plaintiff's doctors acknowledged that degeneration was likely in a person of plaintiff's age, but they provided only conclusory opinions that the accident caused or aggravated the preexisting conditions, without addressing the particular conditions identified in plaintiff's own records, and they offered no objective basis, only the history provided by plaintiff, for concluding that those conditions were [*2]not the cause of the claimed injuries (see Sosa-Sanchez v Reyes, 162 AD3d 414, 415 [1st Dept 2018]; Marino v Amoah, 143 AD3d 541, 541 [1st Dept 2016]; Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK