Cabrera v Ahmed (2020 NY Slip Op 07129)





Cabrera v Ahmed


2020 NY Slip Op 07129


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 21679/18E Appeal No. 12509 Case No. 2020-00884 

[*1]Miguel Cabrera, Plaintiff-Appellant,
v
Faruque Ahmed, Defendant-Respondent.


Goldstein & Handwerker, LLP, New York (Jason Levine of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about January 15, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's claims of serious injury to his right knee under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant met his prima facie burden by demonstrating that plaintiff's claimed right knee injury was not causally related to the subject accident, based on the orthopedist's review of plaintiff's own medical records, including an MRI report, which contained findings of degeneration, and the report of a radiologist, who reviewed the MRI scans and opined that they showed tricompartmental osteoarthritis, reflecting a degenerative breakdown of structural [*2]components of the right knee (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]). Accordingly, the burden shifted to plaintiff to explain why the degeneration shown in his medical records was not the cause of his knee conditions for which he underwent arthroscopic surgery (Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
In opposition, plaintiff failed to raise a triable issue of fact. The opinion of his medical expert that the degeneration shown in plaintiff's MRI was noncontributory was conclusory and speculative (see Grate v Rodrigues, 179 AD3d 440, 441-442 [1st Dept 2020]; Diakite v PSAJA Corp., 173 AD3d at 536). The expert first examined plaintiff over two and half years after the accident, and the only medical records he reviewed were those following the accident (see Vaughn v Baez, 305 AD2d 101, 101 [1st Dept 2003]). His opinion was based only on plaintiff's self-reported history of no prior injuries, which is not the same as no prior symptoms (see Giap v Hathi Son Pham, 159 AD3d 484, 486 [1st Dept. 2018]). It was not based on any objective evidence or medical records (see Grate, 179 AD3d at 441-442).
Furthermore, the objective evidence fails to support a finding of serious injury, as the medical records from a few weeks after the accident revealed only mild limitations in right knee flexion and normal range of motion in extension (see Mendoza v L. Two Go, 171 AD3d 462 [1st Dept 2019]; Rose v Tall, 149 AD3d 554 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020