Reyes-Mendez v City of New York (2021 NY Slip Op 01368)





Reyes-Mendez v City of New York


2021 NY Slip Op 01368


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 300971/14 Appeal No. 13290 Case No. 2019-5676 

[*1]Elder Omidio Reyes-Mendez, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco LLP, New York (Greg Freedman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Anna W. Gottlieb of counsel), for Municipal respondents.
James F. Butler & Associates, Jericho (Christine A. Hilcken of counsel), for Jose R. Antigua, respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about June 21, 2019, which granted defendants' motions for summary judgment dismissing the complaint alleging serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie that plaintiff did not suffer a serious injury to his cervical or lumbar spine by submitting an orthopedist's affirmed report finding that plaintiff had normal range of motion and that his alleged injuries had resolved (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]). The orthopedist also opined that plaintiff's own reports of MRIs of his cervical spine, lumbar spine, and left shoulder showed degenerative conditions not causally related to the accident (see Grate v Rodrigues, 179 AD3d 440, 441 [1st Dept 2020]). In addition, defendant Antigua submitted plaintiff's own emergency room records, which showed that plaintiff was diagnosed only with a knee contusion and that there were no findings in the hospital of injury to his neck, back, or shoulders (see Bonilla v Bathily, 177 AD3d 407, 408 [1st Dept 2019], lv denied 35 NY3d 918 [2020]).
In opposition, plaintiff failed to raise an issue of fact by submitting an affirmed report of a doctor who examined him almost four years after the accident, which is too remote to raise an inference that the limitations were causally related to the accident, and no evidence of contemporaneous treatment or limitations (see Camilo v Villa Livery Corp., 118 AD3d 586, 587 [1st Dept 2014]; Jung Ung Moon v Kumbee Ree P Some, 189 AD3d 628, 629-630 [1st Dept 2020]). Moreover, the medical expert did not address the findings in plaintiff's MRI reports of degenerative conditions (see Grate v Rodriguez, 179 AD3d at 441).
Defendants are entitled to the dismissal of the 90/180-day claim in the absence of evidence of a causal connection between plaintiff's conditions and the accident (see Diakite v PSAJA Corp., 173 AD3d at 536). Moreover, plaintiff's bill of particulars and deposition testimony indicate that he was confined to home for only approximately three days after the accident (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021