Matter of Adams v New York City Hous. Auth. (2022 NY Slip Op 05943)

Matter of Adams v New York City Hous. Auth.

2022 NY Slip Op 05943

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 100681/20 Appeal No. 16515 Case No. 2022-01491 

[*1]In the Matter of Starkisha Adams, Petitioner,
v
New York City Housing Authority, Respondent.

Singh & Rani LLP, New York (Bikram Singh of counsel), for petitioner.
Lisa Bova-Hiatt, New York City Housing Authority, New York (Seth E. Kramer of counsel), for respondent.

Determination of respondent New York City Housing Authority (NYCHA), dated December 2, 2019, which, after a hearing, denied petitioner's application to succeed to the subject apartment as a remaining family member (RFM) of the tenant of record, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J Kelley, J], entered November 24, 2021), dismissed, without costs.
The Hearing Officer's decision is supported by substantial evidence (see CPLR 7803[4]). There is no dispute that petitioner and tenant failed to comply with NYCHA's written consent requirement to be eligible for succession. While the courts have not always required strict compliance with NYCHA's rules on written consent (see Matter of Porter v New York City Hous. Auth., 169 AD3d 455, 460 [1st Dept 2019]; Matter of Gutierrez v Rhea, 105 AD3d 481, 486 [1st Dept 2013]), petitioner here did not show a reasonable excuse for failing to comply.
Although petitioner argues that NYCHA had knowledge of, and thus implicitly consented to, her occupancy through conversations with housing assistants, and through her membership in the tenant association since 2015, there is no evidence that any NYCHA representative verbally or impliedly consented to her occupancy nor that they knew of her membership on the tenant association prior to her nomination as an officer less than a year prior to the death of the tenant of record in 2016. Additionally, the tenant of record never listed petitioner on her annual income affidavits, and petitioner provided evidence of another address on her May 2016 permission request, the first completed request submitted by the tenant, less than a year before the death of the tenant in November 2016.
Furthermore, notwithstanding petitioner's testimony that a housing assistant advised petitioner in 2015 not to submit a request for permission to move into the subject apartment due to petitioner's criminal conviction, stating that it would not be approved, even if a representative of an agency provides misleading statements or incorrect information, the agency cannot be estopped from enforcing its policies (Matter of Cole v New York City Hous. Auth., 122 AD3d 527, 528 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022