Matter of Cruz v New York City Hous. Auth. (NYCHA) (2026 NY Slip Op 00420)

Matter of Cruz v New York City Hous. Auth. (NYCHA)

2026 NY Slip Op 00420

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 453052/24|Appeal No. 5695|Case No. 2025-03328|

[*1]In the Matter of Celinet Cruz, Petitioner-Respondent,
vNew York City Housing Authority (NYCHA), et al., Respondents-Appellants.

David Rohde, New York City Housing Authority, New York (Seth E. Kramer of counsel), for appellants.
Twyla Carter, The Legal Aid Society, Kew Gardens (Noah Foster of counsel), for appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on May 21, 2025, which, in this CPLR article 78 proceeding brought by petitioner to annul the July 2024 denial of her administrative request for restoration of her Section 8 subsidy benefits, denied respondents' cross-motion to dismiss the proceeding as time-barred, unanimously reversed, on the law, without costs, the cross-motion granted, the petition denied, and the proceeding dismissed. The Clerk is directed to enter judgment accordingly.
This appeal arises from respondents' termination of petitioner's Section 8 subsidy benefits in or around December 2019. The dispute concerns the exact point at which respondents issued a "final and binding" decision upon petitioner, triggering the four-month statute of limitations outlined in CPLR 217(1), and thus, whether the petition challenging not the underlying denial of the subsidy, but denial of a subsequent administrative request for restoration of her subsidy benefits in July 2024, was time-barred. The statute of limitations was triggered in December 2019 when petitioner was aware her subsidy had been terminated. Accordingly, petitioner's November 2024 article 78 petition should have been dismissed as untimely.
The four-month statute of limitations applies to proceedings terminating Section 8 benefits, and it begins to run upon tenant's receipt of the T3 letter advising the tenant of that termination (see CPLR 217[1]; Matter of Parks v New York City Hous. Auth., 100 AD3d 407, 408 [1st Dept 2012]). The statute of limitations may be triggered in the absence of actual notice where, as here, the party knew or should have known about the determination (see Matter of Cole v New York City. Hous. Auth., 122 AD3d 527, 528 [1st Dept 2014]). The record shows petitioner had actual notice in December 2019, so the statutory limitation period to challenge termination of her subsidy started no later than December 31, 2019, and expired on April 30, 2020, well before she commenced the instant proceeding.
Petitioner has maintained that her repeated requests for restoration to respondents constituted an attempt to exhaust all administrative remedies prior to filing the article 78 proceeding, but these attempts were akin to continued negotiations or further correspondence with the agency, which does not extend the statutory limitation period (see Matter of Todd v New York City Hous. Auth., 262 AD2d 202 [1st Dept 1999]). Respondents' post-termination correspondence with petitioner did not reflect a fresh examination of the merits of her claims, nor did it toll the statute of limitations.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026