■ Goddess Morris, an Infant, by Her Father and Natural Guardian, Keith Morris, et al., Respondents, v Ilya Cab Corp. et al., Appellants. [876 NYS2d 61]—

Order, Supreme Court, New York County (Paul Wooten, J.),

entered October 17, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss plaintiff Keith Morris's 90/180 day claim of serious injury, and otherwise affirmed, without costs.

Defendants established a prima facie case that plaintiffs did not suffer serious injuries within the meaning of Insurance Law § 5102 (d). However, plaintiffs raised issues of fact (except as to the 90/180 day category) by submitting (a) the reports of their treating physicians providing objective test results to substantiate their subjective complaints of pain and explaining why plaintiffs' injuries were permanent and (b) MRI reports indicating disc herniation (Keith Morris) and bulging (Goddess Morris) and tears of the glenoid labrum (both plaintiffs) (*see Newcomb v Leslie*, 300 AD2d 92 [2002]; *DaSilva v Storz*, 290 AD2d 288 [2002]). One of the doctors' reports for Keith also explained his preexisting condition.

The only evidence in the record that Keith had to quit his job as a result of the accident is his own testimony. This is insufficient (*see e.g. Uddin v Cooper*, 32 AD3d 270, 272 [2006], *lv denied* 8 NY3d 808 [2007]; *Arrowood v Lowinger*, 294 AD2d 315, 316-317 [2002]). The statement in the September 2006 report of Keith's treating physician that "[h]e is totally disabled and I have advised him to restrict his activities" is too general to support a 90/180 day claim (*see Gorden v Tibulcio*, 50 AD3d 460, 463 [2008]).

We note that Supreme Court has precluded Goddess from relying on the 90/180 day category of serious injury and that plaintiffs have not cross-appealed. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ. [*See* 2008 NY Slip Op 32842(U).]