■ Abdel Monem Fathi, Appellant, v Newton Sodhi et al., Respondents. [44 NYS3d 406]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 11, 2015, which granted defendants' motion for summary judgment dismissing the complaint on the serious injury threshold of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claim of permanent consequential and significant limitations of use of the cervical spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer a permanent consequential or significant limitation of use of his cervical or lumbar spine as a result of the subject motor vehicle accident. Their neurologist found no objective evidence of impairment in plaintiff's cervical or lumbar spine (*see Mejia v Ramos*, 124 AD3d 449 [1st Dept 2015]). Their radiologist found cervical disc bulges and lumbar disc herniations, but opined that these conditions were degenerative in nature and not causally related to the accident.

In opposition, plaintiff raised an issue of fact as to his cervi-

cal spine injury by submitting an affirmation by his treating physician, who found limitations in range of motion and opined that the cervical disc conditions were caused by the accident. Given plaintiff's relatively young age and the sudden onset of symptoms after being hit by defendants' vehicle, his physician's opinion provided a "different, yet altogether equally plausible, cause" (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). Contrary to defendants' argument, plaintiff submitted sufficient evidence that he received treatment for his cervical spine injury contemporaneous with the accident to permit a finding of a causal connection (see Perl v Meher, 18 NY3d 208, 217-218 [2011]).

However, plaintiff failed to raise an issue of fact as to his lumbar spine claim. The MRI report contained in his own medical records reflected findings of degenerative disc disease in the lumber spine, and his medical expert failed to address those findings and explain why they were not the cause of the injuries complained of (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]).

Defendants demonstrated prima facie that plaintiff did not sustain an injury within the 90/180-day category through plaintiff's bill of particulars and his testimony, which established that he was confined to bed and home for, at most, two weeks, as well as their expert's opinion that the claimed physical injuries were causally unrelated to the accident (see Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]). In opposition, plaintiff presented no evidence of a medically determined injury that prevented him from performing his customary daily activities within the relevant time period (see Barry v Arias, 94 AD3d 499, 500 [1st Dept 2012]).

We note that because plaintiff failed to raise an issue whether his lumbar spine condition was caused by the accident, he cannot recover for such injury (see Hojun Hwang v Doe, 144 AD3d 507 [1st Dept 2016]), but can recover for any other injury causally related to the accident if he prevails on his cervical spine claim (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]). Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.