Jenkins v Livo Car Inc. (2019 NY Slip Op 07553)





Jenkins v Livo Car Inc.


2019 NY Slip Op 07553


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10172 21588/14E

[*1] Tanaya Jenkins, Plaintiff-Appellant,
v
Livo Car Inc., et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about November 15, 2018, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, the motion denied as to plaintiff's claims of permanent consequential and significant limitations of use of her cervical spine and lumbar spine, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained serious injuries to her knees, cervical spine and lumbar spine and was unable to return to work for a year, as the result of a motor vehicle accident that occurred while riding in defendants' taxi. Defendants demonstrated prima facie that plaintiff did not sustain any serious injury causally related to that accident by submitting a radiologist's opinion that she had preexisting degenerative conditions (see Fathi v Sodhi, 146 AD3d 445 [1st Dept 2017]) and an emergency medicine physician's opinion that her post-accident emergency room records were inconsistent with the injuries claimed (see Streety v Toure, 173 AD3d 462, 462 [1st Dept 2019]). In addition, with respect to plaintiff's claims that she sustained bilateral knee injuries, defendants relied on their orthopedist's review of plaintiff's doctors' operative and MRI reports, which acknowledged degenerative conditions, as well as her testimony concerning a prior left knee injury (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
Plaintiff raised a triable issue of fact as to her lumbar and cervical spine conditions through the reports of her treating physician, who opined that those conditions were causally related to the accident. Since plaintiff's own medical records did not reveal any degenerative conditions in her spine, she was not required to submit evidence from a medical expert detailing why degenerative conditions were not the cause of her reported symptoms (see Fathi v Sodhi at 446; Bonilla v Vargas-Nunez, 147 AD3d 461 [1st Dept 2017]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). Her physician found limitations in range of motion shortly after the accident and on subsequent and recent examinations (see Perl v Meher, 18 NY3d 208 [2011]; Rosa v Mejia, 95 AD3d 402 [1st Dept 2012]). In response to defendant's argument, plaintiff also raised a triable issue of fact about whether a gap in treatment occurred (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 907 [2013]). She claimed that her no-fault benefits ended and she was now on Medicaid, but her current doctors did not accept it (see Swift v New York Tr. Auth., 115 AD3d 507, 508 [1st Dept 2014] [gap explained because plaintiff was seeking doctors who accepted Medicaid]).
However, as to her claimed knee injuries, plaintiff failed to submit medical evidence addressing the findings of degeneration in her own medical records and explaining why the knee conditions were causally related to the accident (see Alvarez at 1044). Further, as to the left knee, plaintiff's doctor failed to address the effect of a prior motor vehicle accident, in which plaintiff's left knee was injured and required surgery (id.; see also Pines v Lopez, 88 AD3d 545 [1st Dept 2011]).
Defendants made a prima facie showing of entitlement to summary judgment on plaintiff's 90/180 claim by submitting evidence that plaintiff's injuries were not causally related to the accident (see Henchy v VAS Express Corp., 115 AD3d 478, 480 [1st Dept 2014]). In light of plaintiff's failure to raise a triable issue of fact concerning her claimed knee injuries, as well as the evidence that she was ambulatory in the period after the accident, her doctor's medical notes and disability certificates were too general to support a 90/180 day claim (see Morris v Ilya Cab Corp., 61 AD3d 434 [1st Dept 2009]; see also Gorden v Tibulcio, 50 AD3d 460, 463 [1st Dept 2008]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK