Gomez v Drew (2020 NY Slip Op 05453)





Gomez v Drew


2020 NY Slip Op 05453


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 303752/10 Appeal No. 11944 Case No. 2019-334 

[*1]Maureen Gomez, et al., Plaintiffs-Appellants,
v
Sean S. Drew, et al., Defendants-Respondents.


Kenneth R. Berman, Forrest Hills, for appellants.
Weiser & McCarthy, New York (Roy Itzkowitz of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about November 30, 2018, which granted defendants' motion for summary judgment dismissing the complaint due to plaintiff Maureen Gomez's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established, through the injured plaintiff's own medical records, that her lumbar spine injuries, including a disc herniation, were not caused by the accident, but that she had a pre-existing condition for which she was already on disability leave from work before the accident (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]). Defendants also established that plaintiff did not sustain a serious injury to her cervical spine, through the affirmed report of their radiologist who opined that X-rays taken after the accident showed only minor degenerative conditions and no evidence of traumatic injury (see Mendoza v L. Two Go, Inc., 171 AD3d 462, 462 [1st Dept 2019]; see generally Toure v Avis Rent A Car Sys, Inc., 98 NY2d 345, 350, 353 [2002]).
Plaintiff failed to raise a triable issue of fact, as her doctors failed to address her preexisting lumbar conditions and explain why they were not the cause of her claimed serious injuries (see Ortiz v Boamah, 169 AD3d 486 [1st Dept 2019]). Nor did her doctors provide any "objective basis or reason" to support a finding of aggravation of the preexisting lumbar conditions, or of any injuries different from those preexisting conditions (see Farmer v Ventkate, 117 AD3d 562 [1st Dept 2014]). Furthermore, plaintiff submitted no objective medical evidence of injury to her cervical spine, and her own medical records showed she had normal range of motion in the cervical spine (see Toure v Avis Rent A Car Sys, Inc., 98 NY2d at 350, 353).
Given the absence of any injuries causally related to the accident, plaintiff's 90/180 day claim also fails (see Henchy v VAS Express Corp., 115 AD3d 478, 480 [1st Dept 2014]). Plaintiff also failed to submit any evidence supporting her claim that she did not return to work after the accident due to a medically determined injury (see Morris v Ilya Cab Corp., 61 AD3d 434 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020