Jung Ung Moon v Kumbee Ree P Some (2020 NY Slip Op 07713)





Jung Ung Moon v Kumbee Ree P Some


2020 NY Slip Op 07713


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 24503/17E Appeal No. 12715 Case No. 2020-01417 

[*1]Jung Ung Moon, Plaintiff, Soo Hyun Go, Plaintiff-Appellant,
v
Kumbee Ree P Some, Defendant-Respondent, John Doe, Defendant.


Law Offices of Andrew Park, P.C., New York (Andrew Park of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered August 1, 2019, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing plaintiff Soo Hyun Go's claims on the grounds that she did not sustain a serious injury under Insurance Law § 5102(d), unanimously modified, on the law, the motion denied as to her claims of serious injury to her right shoulder, and otherwise affirmed, without costs.
Defendant met his prima facie burden with respect to plaintiff's claim of serious injury to her lumbar spine by submitting the affirmed reports of an orthopedist, who noted normal range of motion in her lumbar spine (see Haniff v Khan, 101 AD3d 643, 643 [1st Dept 2012]), and a radiologist, who concluded that the positive findings in plaintiff's lumbar spine MRI were preexisting, degenerative, and not causally related to the accident (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]). Defendant also met his prima facie burden with respect to plaintiff's right shoulder, as his medical expert found that plaintiff's claimed injuries had resolved and she had only a 10-degree decrease in range of motion in one plane and normal to greater-than-normal range of motion in every other plane (see Mendoza v L. Two Go, LLC, 171 AD3d 462 [1st Dept 2019]).
In opposition, plaintiff raised a triable issue of fact as to her right shoulder injury through the report of a physician who found she had significant limitations in range of motion upon recent examination and that her MRI films showed that she had sustained tears (see Perl v Meher, 18 NY3d 208 [2011]). Although defendant did not dispute that plaintiff's shoulder injury was causally related to the accident, plaintiff's physician also opined that the injuries were causally related and not degenerative. The physician also reviewed plaintiff's post-accident medical records, prepared by his former partner, which showed that plaintiff had significant limitations in range of motion shortly after the accident. Though this evidence may be inadmissible at trial as hearsay, it may be considered in opposition to summary judgment, since it is not the only evidence submitted, especially since an explanation has been provided (see Clemmer v Drah Cab Corp., 74 AD3d 660, 661 [1st Dept 2010]; see generally Friends of Animals, Inc. v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]).
However, with respect to plaintiff's lumbar spine, her submissions fail to show objective evidence of limitations stemming from her injuries or treatment contemporaneous with the accident (see Rosa v Mejia, 95 AD3d 402, 404 [1st Dept 2012]). Plaintiff's physician did not examine her until a year and a half after the accident and thus, his findings are too remote to establish causation (see Shu Chi Lam v Wang Dong, 84 AD3d 515, 515 [1st Dept 2011]). Moreover, the limitations found by the physician were minor, and not sufficiently significant to support a serious injury claim (see Gaddy v Eyler[*2], 79 NY2d 955, 957 [1992]). 
As for plaintiff's 90/180 day claim, defendant met his burden by submitting plaintiff's testimony, in which she stated that she was confined to her home for only a few days after the accident (see e.g. Pakeman v Karekezia, 98 AD3d 840 [1st Dept 2012]). Plaintiff failed to raise a triable issue of fact, as the only evidence substantiating her claim that she was unable to perform activities of daily living is her testimony (see Morris v Ilya Cab Corp., 61 AD3d 434 [1st Dept 2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020