Rodriguez v 3rd Ave. Tr. Inc. (2022 NY Slip Op 00022)





Rodriguez v 3rd Ave. Tr. Inc.


2022 NY Slip Op 00022


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 303362/14E Appeal No. 14945-14945A Case No. 2021-00714, 2021-02987 

[*1]Jaime Dotel Rodriguez, Plaintiff-Appellant,
v
3rd Avenue Transit Inc. et al., Defendants-Respondents, Professional Charter Service, Inc., Defendant. 


Pollack, Pollack, Isaac & Decicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Richard Freiman & Associates, PLLC, New York (Zena Eldada of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered October 29, 2020, which granted defendants-respondents' motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d) and denied plaintiff's motion for partial summary judgment as to liability as academic, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 6, 2021, insofar as it denied plaintiff's motion to renew or vacate, unanimously affirmed, and otherwise dismissed, without costs, as taken from an unappealable order.
Defendants established prima facie entitlement to summary judgment through the medical reports of their neurologist and orthopedist. The orthopedist found that plaintiff had full range of motion in his lumbar and cervical spine and all other claimed injured body parts, and both experts concluded that all claimed injuries had resolved (see Pastora L. v Diallo, 167 AD3d 424, 424 [1st Dept 2018]; Rodriguez v Konate, 161 AD3d 565 [1st Dept 2018]). Defendants also noted factors that interrupted the chain of causation between the subject motor vehicle accident and the claimed injuries, including that plaintiff had ceased treatment for over three years and that he had been treated for back pain following a prior accident, which plaintiff was required to explain (see Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]; Vila v Foxglove Taxi Corp., 159 AD3d 431, 431 [1st Dept 2018]; see generally Pommells v Perez, 4 NY3d 566 [2005]).
In opposition, plaintiff failed to present any medical evidence and therefore did not raise a triable issue of fact. Contrary to plaintiff's contention, the motion court providently exercised its discretion in denying his request for a fourth adjournment to submit his opposition papers, as he failed to show good cause for his delay in obtaining a narrative report from his medical expert or his inability to submit any other medical evidence in admissible form (see Mohammed v St. Barnabas Hosp., 177 AD3d 509 [1st Dept 2019]).
The court properly denied plaintiff's motion to renew, as he did not proffer a reasonable excuse for the failure to obtain the narrative report from a medical expert before the submission deadline (see Galisia v Espinal, 149 AD3d 544 [1st Dept 2017]). Indeed, the narrative report was based on an examination that occurred after plaintiff had already sought his fourth adjournment in his opposition papers, five years after the accident. In any event, the narrative report would not have changed the outcome of the court's prior determination, as it failed to address the prior accident or the extended gap in treatment (see Wade v Giacobbe, 176 AD3d 641 [1st Dept 2019]; Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]). The unexplained period of time in which plaintiff "failed to seek treatment for any accident-related injuries, ... renders the opinion of [his] medical expert, who provided a report [*2]in opposition to the motion, speculative as to the permanency, significance, and causation of the claimed injuries" (Vila v Foxglove Taxi Corp., 159 AD3d at 432). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022