Burgess v Avignon Taxi, LLC (2022 NY Slip Op 07145)

Burgess v Avignon Taxi, LLC

2022 NY Slip Op 07145

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 308376/12 Appeal No. 16907-16908 Case No. 2016-00837, 2022-03939 

[*1]Clephane B. Burgess et al., Plaintiffs-Appellants,
v
Avignon Taxi, LLC, et al., Defendants-Respondents, DT Media Group, Defendant.

Parker Waichman, LLP, Port Washington (Jay L. T. Breakstone of counsel), for appellants.
Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 29, 2015, which granted defendants' motions for summary judgment dismissing the complaint on the ground that plaintiff Clephane B. Burgess did not sustain a serious injury within the meaning of Insurance Law § 5102, and order, same court and Justice, entered February 1, 2016, insofar as it denied plaintiffs' motion to renew, unanimously affirmed, without costs. Appeal from denial of reargument, unanimously dismissed, without costs, as taken from an nonappealable order.
Defendants established prima facie that plaintiff did not sustain a serious injury to his cervical or lumbar spine by presenting the report of their neurologist, who found normal ranges of motion in plaintiff's spine with no evidence of neurological impairment (see Stickney v Akhar, 187 AD3d 425 [1st Dept 2020]). Contrary to plaintiff's contentions, "the mere fact that defendants' expert did not address findings in diagnostic and operative reports indicating that plaintiff had a herniated disc does not mean that defendants failed to meet their initial burden" (Onishi v N & B Taxi, Inc., 51 AD3d 594, 595 [1st Dept 2008]; see also Levinson v Mollah, 105 AD3d 644 [1st Dept 2013]). As for plaintiff's 90/180 day claim, defendants met their burden by submitting plaintiff's testimony that he returned to work two weeks after the accident and was never confined to his bed or his home (see Pakeman v Karekezia, 98 AD3d 840 [1st Dept 2012]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether he sustained an injury involving permanent consequential or significant limitations in use, as the only admissible medical evidence he submitted were MRI reports finding herniated discs in the cervical and lumbar spine, as well as facet arthrosis. "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (Pommells v Perez, 4 NY3d 566, 574 [2005]). The court properly disregarded the unaffirmed medical reports and records of treating physicians, which "lacked probative value" (see Hernandez v Ramirez, 19 AD3d 192, 193 [1st Dept 2005]). The defense expert's review of such unaffirmed reports "did not open the door to [plaintiff's] reliance on them, since defendants did not submit such reports in support of the motion, nor did their experts rely on them in forming their conclusions" (Hernandez v Almanzar, 32 AD3d 360, 361 [1st Dept 2006]). As for the chiropractor's unsworn report of a more recent examination, the motion court correctly disregarded it because it failed to comply with the rule that "reports of chiropractors must be subscribed before a notary or other authorized official" (Barry v Arias, 94 AD3d 499 [1st Dept 2012]; see CPLR 2106).
Plaintiff's motion for renewal was properly denied, because he again failed to submit affirmed or sworn medical reports [*2]from his medical providers (see Hernandez v Ramirez, 19 AD3d at 193 ; cf. Robinson v Nelson, 172 AD3d 642 [1st Dept 2019]). Since those reports contain diagnoses and medical opinions, they cannot be submitted as certified business records under CPLR 4518 (see Rickert v Diaz, 112 AD3d 451, 452 [1st Dept 2013]; see also Komar v Showers, 227 AD2d 135, 136 [1st Dept 1996]).
We note that, even if these medical records were to be considered, plaintiff still would have failed to raise a triable issue of fact as to whether he sustained a serious injury under Insurance Law § 5102. Plaintiff's own x-ray report found degenerative and osteoarthritic disc disease in his lumbar spine, which was not addressed or explained by his chiropractor or other providers (see Fathi v Sodhi, 146 AD3d 445, 2016446 [1st Dept 2017]; see also Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Furthermore, his chiropractor failed to explain the inconsistency between his findings of limitations in range of motion three years after the accident, and plaintiff's last physical therapy notes showing that six months after the accident plaintiff could "do anything" and felt better (see e.g. Dorrian v Cantalicio, 101 AD3d 578, 578 [1st Dept 2012]). As to the 90/180-day claim, none of the medical records substantiates
plaintiff's claim that he was unable to perform activities of daily living during the relevant time period (see De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022