Rodriguez v Moss (2024 NY Slip Op 00464)

Rodriguez v Moss

2024 NY Slip Op 00464

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, O'Neill Levy, JJ. 

Index No. 24050/15 21657/17 Appeal No. 1570 Case No. 2023-00037 

[*1]Jennifer Rodriguez, Plaintiff-Appellant,
v
Martin Moss, et al., Defendants-Respondents. [And Another Action] 

Leav & Steinberg, L.L.P., New York (Kathleen E. Beatty of counsel), for appellant.
VoutÉ Lohrfink McAndrew Meisner & Roberts LLP, White Plains (Jonathan I. Weinstein of counsel), for Martin Moss, respondent.
Shein Johnson, P.C., Melville (Steven Johnson of counsel), for Ronald E. Coefield, GVC II Inc., G.V.C. Transportation, Inc., New York City Transit Authority, Metropolitan Transportation Authority and Manhattan and Bronx Surface Transportation Operating Authority, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 29, 2022, which granted defendant Moss' motion for summary judgment dismissing the complaint as against all defendants on the ground that plaintiff did not sustain a serious injury under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant established prima facie that plaintiff did not sustain a serious injury through the affirmed reports of his medical experts, who found no objective evidence of limitations in the claimed body parts (see Antepara v Garcia, 194 AD3d 513 [1st Dept 2021]; Stickney v Akhar, 187 AD3d 425 [1st Dept 2020]). Defendant also noted factors that interrupted the chain of causation, including that, after months of treatment, plaintiff had ceased treatment completely for seven years and that she had previously injured her back in a work-related incident (see Pommells v Perez, 4 NY3d 566, 572, 576-577 [2005]; Rodriguez v 3rd Ave. Tr. Inc., 201 AD3d 417, 417 [1st Dept 2022]).
Contrary to plaintiff's contentions, "the mere fact that defendants' expert did not address findings in diagnostic and operative reports indicating that plaintiff had [bulging discs] does not mean that defendants failed to meet their initial burden" (Burgess v Avignon Taxi, LLC, 211 AD3d 522, 522 [1st Dept 2022] [internal quotation marks omitted]). In any event, defendant's neurologist noted the positive findings in plaintiff's MRI but ultimately determined that plaintiff showed no objective physical limitations on examination (see e.g. Rivera v Gonzalez, 107 AD3d 500, 500-501 [1st Dept 2013]).
Plaintiff, in opposition, failed to raise a triable issue of fact. Her submissions fail to address her seven-year gap in treatment or her prior work-related injuries to the same body parts claimed in this action (see Rodriguez, 201 AD3d at 417; see also Zhijian Yang v Alston, 73 AD3d 562, 563 [1st Dept 2010]). This gap in treatment also renders the opinion of plaintiff's medical expert, who examined plaintiff nearly eight years after the accident, speculative as to the permanency, significance, and causation of the claimed injuries (see Pastora L. v Diallo, 167 AD3d 424, 425 [1st Dept 2018]; see also Vila v Foxglove Taxi Corp., 159 AD3d 431, 432 [1st Dept 2018]). Furthermore, plaintiff returned to work three days after the accident, required no changes to her work duties, and had an unexplained 8-year gap in treatment after ceasing all conservative treatment 9 months after the accident (see e.g. Haniff v Khan, 101 AD3d 643 [1st Dept 2012]; Green v Domino's Pizza, LLC, 140 AD3d 546 [1st Dept 2016]).
As for plaintiff's 90/180 day claim, defendant met his burden by relying on plaintiff's own testimony that she returned to work three days after the accident and could perform all activities of daily living (Burgess, 211 AD3d at 522). Plaintiff failed to submit any evidence to suggest that she was seriously curtailed from performing her usual activities for 90 out of the next 180 days[*2](see Morris v Ilya Cab Corp., 61 AD3d 434 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024