Reid v Veloz-Espinal

2026 NY Slip Op 03089

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Michael Reid, Plaintiff-Appellant,

v

E.J. Veloz-Espinal et al., Defendants-Respondents.

Decided and Entered: May 14, 2026

Index No. 809910/21|Appeal No. 6635|Case No. 2025-03405|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Horn Appellate Group, Brooklyn (Ross S. Friscia of counsel), for appellant.

Majorie E. Bornes, Freeport, for respondents.

[*1]

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 20, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims of permanent consequential limitation of use and significant limitation of use of his cervical, thoracic, and lumbar spine and left shoulder for lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Supreme Court correctly granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), although it should have done so only on the basis of the absence of objective medical evidence of injuries or abnormalities. Defendants established prima facie a lack of objective medical evidence of injuries or abnormalities through the reports of Dr. Fitzpatrick, a radiologist, finding that the MRIs of plaintiff's cervical, thoracic, and lumbar spine and left shoulder all were unremarkable and did not depict any traumatic injury (see e.g. McKenzie-Moses v Lelcaj, 238 AD3d 415, 415 [1st Dept 2025]; Rodriguez v Santos, 235 AD3d 564, 564 [1st Dept 2025]; Pastora L. v Diallo, 167 AD3d 424, 424 [1st Dept 2018]). Dr. Fitzpatrick's opinions were not contradicted by the report of Dr. Buckner, an orthopedic surgeon, because Dr. Buckner merely recited the interpretations of plaintiff's MRIs by the performing radiologists. Thus, the burden shifted to plaintiff only to raise an issue of fact as to the objective medical evidence of his claimed injuries.

In opposition, plaintiff failed to raise an issue of fact because he did not submit any MRI reports or other evidence in admissible form to refute Dr. Fitzpatrick's opinion that the MRIs of plaintiff's cervical, thoracic, and lumbar spine and left shoulder were normal (see McKenzie-Moses, 238 AD3d at 416; Hall v Uber Tech., Inc., 221 AD3d 503, 504 [1st Dept 2023]). Moreover, plaintiff could not rely on his expert orthopedic spine surgeon's recitation of the findings in those reports in order to "bootstrap" those findings in evidence (see e.g. Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]; Cinelli v Greyhound Lines, Inc., 211 AD3d 571, 572 [1st Dept 2022]; see also McKenzie-Moses, 238 AD3d at 415-416; Burgess v Avignon Taxi, LLC, 211 AD3d 522, 523 [1st Dept 2022]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026